**David GRAYS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 91575.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Feb. 3, 2009.

David Grays, Jefferson City, pro se.

Chris Koster, Mary H. Moore, Jayne T. Woods, Jefferson City, MO, for respondents.

KENNETH M. ROMINES, Judge.

### *Introduction*

David Grays appeals the motion court's denial of his Rule 75.01 motion to vacate, set aside or correct judgment of sentence, or alternatively to reopen postconviction proceedings. Because we agree that the motion court had no jurisdiction to grant relief, we dismiss.

### *Factual and Procedural Background*

In 1990, Grays was convicted of three counts of sale of a controlled substance and sentenced to a total term of twenty consecutive years in prison. Grays filed a pro se Rule 29.15 motion for postconviction relief on 19 July 1991, which the motion court denied. Grays appealed this denial; he also directly appealed his conviction. These appeals were consolidated, and this Court affirmed both in *State v. Grays,* 856 S.W.2d 87 (Mo.App. E.D.1993).

On 16 May 2008, Grays filed "Petitioner's Motion to Vacate Set Aside or Correct Judgment or Sentence, Pursuant to 75.01, or in Alternative, Reopen Post–Conviction Relief Proceedings." Grays' motion alleged, *inter alia,* that his appellate counsel had abandoned his claims asserted in his Rule 29.15 motion. The motion court found that it did not have jurisdiction because (1) Grays' motion was filed more than 30 days after the judgment denying his Rule 29.15 motion became final and (2) his attorney had not abandoned his claims thus Grays' motion was not excepted from the time limitation. Grays appeals.

### *Standard of Review*

The scope of a trial court's jurisdiction is a question of law which we review *de novo. Middleton v. State,* 200 S.W.3d 140, 143 (Mo.App. W.D.2006). Therefore, we give an independent review to the question of whether the motion court here had jurisdiction under Rule 75.01 to reopen Grays' postconviction proceedings.

### *Discussion*

As is true with other civil cases, a trial court retains jurisdiction over its judgment on a Rule 29.15 motion for a period of 30 days after that judgment becomes final. Rule 75.01; *Cook v. State,* 156 S.W.3d 418, 420 (Mo.App. E.D.2005). The only recognized exception is a narrow one: a court may reopen a postconviction proceeding to address claims of abandonment by postconviction counsel. *Cook,* 156 S.W.3d at 420 (citing *Hammack v. State,* 130 S.W.3d 721 (Mo.App. E.D.2004); *Daugherty v. State,* 116 S.W.3d 616 (Mo. App. E.D.2003)). Equally narrow is the line of cases which will amount to a claim of abandonment. *Cook,* 156 S.W.3d at 420 (citing *Russell v. State,* 39 S.W.3d 52, 54

(Mo.App. E.D.2001)). This line consists of cases in which appointed counsel (a) failed to file an amended motion on movant's behalf without explanation, (b) filed an untimely amended motion or (c) filed a motion so patently defective that it amounted to a nullity. *Id.*

■ Grays' postconviction counsel filed a timely amended motion which included all grounds raised in Grays' pro se motion. Grays' complaint here is that his appellate counsel did not appeal all grounds in Grays' Rule 29.15 motion. This does not fall under one of the definitions of abandonment, but rather constitutes a claim for ineffective assistance of appellate counsel. There is no exception under Rule 75.01 for such a claim, thus Grays had to file his motion within 30 days of the judgment becoming final. The motion court properly held that it did not have jurisdiction to consider Grays' motion, filed several years out of time.

### *Conclusion*

Because the motion court correctly found that Grays' motion was untimely and that his claim did not fall under the abandonment exception to the 30–day time limit, we agree that the motion court did not have jurisdiction to reopen postconviction proceedings. Therefore, we similarly have no jurisdiction to hear Grays' appeal.

APPEAL DISMISSED.

NANNETTE A. BAKER, C.J., and PATRICIA L. COHEN, J., concur.