George W. MORGAN,
Movant/Appellant,

v.

STATE of Missouri,
Respondent/Respondent.

No. ED 92778.

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 15, 2009.

George W. Morgan, Jefferson City, MO, pro se.

Shaun J. Mackelprang, Jefferson City, MO, for Respondent/Respondent.

SHERRI B. SULLIVAN, P.J.

*Introduction*

George W. Morgan (Appellant) appeals from the motion court's order denying, without an evidentiary hearing, his Motion to Reopen his post-conviction proceedings (Motion to Reopen). We affirm.

*Factual and Procedural Background*

In September 1992, after a jury trial, Appellant was convicted of one count of forcible rape and two counts of forcible sodomy. Appellant was sentenced to 3 consecutive 15–year terms of imprisonment. In December 1992, Appellant appealed the conviction and sentence. On April 28, 1993, Appellant filed a *pro se* Motion to Vacate, Set Aside, or Correct the Judgment or Sentence (Rule 29.15 [1] Motion or post-conviction motion). On June 4, 1993, counsel was appointed and the court granted an additional 30–day

---

**1.** All rule references are to Mo. R. Civ. P.1993, unless otherwise indicated.

extension of time. On August 3, 1993, appointed counsel faxed an amended Rule 29.15 Motion to the Clerk of St. Francois County (Clerk). On August 5, 1993, counsel filed a hardcopy of the amended motion with the Clerk.

On July 21, 1994, the motion court entered its Findings of Fact, Conclusions of Law and Judgment, denying Appellant post-conviction relief. Appellant's appeal of the motion court's denial of post-conviction relief was consolidated with Appellant's direct appeal. On June 27, 1995, this Court affirmed Appellant's convictions and sentences and the denial of his Rule 29.15 motion. *State v. Morgan,* 900 S.W.2d 281 (Mo.App. E.D.1995).

On May 18, 2006, Appellant filed his Motion to Reopen, alleging he had been abandoned by post-conviction counsel when counsel filed a motion that was untimely, unverified, and failed to set forth sufficient facts warranting relief. On February 3, 2009, the motion court denied Appellant's Motion to Reopen. This appeal followed.

### Point on Appeal

On appeal, Appellant argues the motion court erred by basing its denial of his Motion to Reopen on this Court's ruling on the appeal of Appellant's original and amended Rule 29.15 motions instead of on the merits of the Motion to Reopen. Movant argues the motion court denied him the right of a hearing on post-conviction counsel's performance.

### Standard of Review

We review the denial of a motion to reopen post-conviction proceedings to determine whether the motion court's findings and conclusions of law are clearly erroneous. *Edgington v. State,* 189 S.W.3d 703, 705 (Mo.App. W.D.2006). Clear error will be found only when a

review of the entire record leaves this Court with the definite and firm impression that a mistake has been made. *Id.*

### Discussion

■■■■■ The motion court retains jurisdiction over its final judgment on a Rule 29.15 motion for thirty days. Rule 75.01; *Edgington,* 189 S.W.3d at 706. The only exception to this limitation allows the court to reopen a post-conviction proceeding to address a claim of abandonment by post-conviction counsel. *Grays v. State,* 275 S.W.3d 392, 393 (Mo.App. E.D.2009). Abandonment is limited to instances in which post-conviction counsel: (1) failed to file an amended petition on movant's behalf without explanation, (2) filed an untimely amended motion, or (3) filed a motion so patently defective that it amounted to a nullity. *Id.*

In his motion to reopen, Appellant claimed he was abandoned by his post-conviction counsel when counsel filed a motion that failed to set forth sufficient facts to warrant relief, and that was untimely and unverified. In asserting this claim, Appellant points to the motion court's judgment denying his original Rule 29.15 Motion, which sets forth these deficiencies as a basis for denying relief. We will briefly address each of these alleged deficiencies.

■■■■ Appellant's first claim is that counsel failed to set forth sufficient facts to warrant relief. Although framed as abandonment, Appellant is actually contending that counsel's performance was deficient, which is a claim of ineffective assistance of counsel. Abandonment, however, does not encompass perceived ineffective assistance of counsel and, absent total abandonment, movants do not have a right to the effective assistance of post-conviction counsel. *Barnett v. State,* 103 S.W.3d 765, 774 (Mo.

banc 2003); *State v. White*, 873 S.W.2d 590, 598 (Mo. banc 1994). Consequently, Appellant's claim that counsel failed to allege sufficient facts does not amount to abandonment by counsel.

■ Next, Appellant argues that appointed counsel abandoned him by filing an untimely, unverified amended motion. We agree.

Rule 29.15 provided that an amended motion shall be filed within 30 days of the date counsel is appointed. Rule 29.15(f); *White*, 873 S.W.2d at 595. The court could extend the filing date an additional 30 days. Rule 29.15(f). On June 4, 1993, the motion court appointed post-conviction counsel and ordered an additional 30–day extension of time. Sixty days later, on August 3, 1993, appointed counsel faxed an amended Rule 29.15 motion to the Clerk. The motion was received and docketed on August 3, 1993. Two days later, counsel deposited a hard copy of the amended motion with the Clerk. This motion was also docketed. The motion court subsequently found in its judgment that the amended motion was filed out-of-time based on the erroneous belief that the motion was due on August 2, 1993.

The State argues the amended motion was timely filed because it was faxed to the court on the date it was due, August 3, 1993, and appears on the docket sheet for that date. While we agree that the motion court erred in finding the amended motion was due on August 2nd instead of August 3rd, we do not agree with the State's assertion that the motion was timely filed. Rule 43.02 provides that "[b]y local court rule, a court, in cooperation with the office of the clerk of the court, may authorize the filing by electronic transmission of motion[s] . . . as may be deemed desirable." Rule 43.02(c) (Mo. R. Civ. P.2009). Electronic transmission includes transmission by facsimile or electronic mail. *Id.* This rule, however, was not adopted until 1996, and became effective only in 1997. Additionally, St. Francois County's Local Rule 4.4, permitting faxed pleadings did not become effective until October 1996. The State has provided this Court with no support for its proposition that the facsimile filing of the amended motion was an acceptable filing method in August 1993. When the hard copy of the amended motion was filed two days later, it was filed out-of-time. Absent any law to the contrary, this Court must find that the amended post-conviction motion was not timely filed.

■ Appellant's contention that the amended motion was not properly verified also has merit. Prior to the 1995 amendment, Rule 29.15 required the movant to verify the motion by declaring that all grounds for relief known to him were included in the motion and acknowledging that he waived any ground for relief known to him that was not included in the motion. Rule 29.15(d), (f). While the Missouri Supreme Court had relaxed the verification requirement for a movant's *pro se* 29.15 motion, finding that a movant's signature was sufficient verification, the court had explicitly refused to do so with an amended 29.15 motion filed by counsel. *White*, 873 S.W.2d at 594. The Court in *White* held that proper verification pursuant to Rule 29.15 was necessary for an amended motion drafted by counsel in order to ensure that the movant believed it was accurate and contained all known grounds of relief. *Id.*

Here, the verification signed by Appellant simply stated that Appellant "subscribed to the foregoing motion" and did not contain the verification required by Rule 29.15, by which Appellant declared that all grounds for relief known to him had been listed and acknowledging that he

waived any ground for relief known to him not included in the motion.

 Having concluded that Appellant was abandoned by post-conviction counsel's failure to file a timely, verified amended motion, we must consider the available remedies. Depending on the circumstances of the case, a cause generally can be remanded with instructions either: (1) for the appointment of new counsel for the filing of an amended motion; or (2) for the motion court to treat the amended motion as timely filed. *White,* 873 S.W.2d at 598. With regard to an unverified motion, if a movant establishes that counsel was at fault for the lack of proper verification, the amended motion can be filed and ruled on by the motion court. *Hutchinson v. State,* 821 S.W.2d 916, 917 (Mo.App. E.D.1992).

Remanding to allow new counsel to file an amended motion is appropriate in situations where appointed counsel filed no motion nor took any action on behalf of the movant, which is not the case before us. *See White,* 873 S.W.2d at 599. Although Appellant takes issue with the sufficiency of the motion's factual allegations, he does not argue in his Motion to Reopen that counsel failed to raise any known issues. Hence, it can only be said that Appellant was abandoned with regard to the timing of the motion and its verification, but not to the motion's actual content. *See id.* As such, the best remedy available to Appellant would be to remand the cause with instructions for the court to treat the previously filed motion as timely. *See id.* at 598–99.

Remanding in this case, however, would serve no purpose because the motion court already addressed the merits of the issues raised in the *pro se* and amended motions in its original order denying Appellant post-conviction relief. In its judgment, the motion court specifically stated that it re-viewed all of the allegations contained in both motions and found that no relief was warranted on any of the claims raised therein. Because the motion court fully considered the points raised in both the *pro se* and amended motion, Appellant was not prejudiced by his counsel's failure to timely file or verify the amended the motion. *See Burgin v. State,* 847 S.W.2d 836, 838 (Mo.App. W.D.1992) (finding remand not necessary for reconsideration because movant was not prejudiced by counsel's failure to timely file the amended motion). Therefore, the motion court's denial of Appellant's Motion to Reopen his post-conviction proceedings was not clearly erroneous. Appellant's point on appeal is denied.

*Conclusion*

The judgment of the motion court is affirmed.

ROBERT G. DOWD, Jr. and PATRICIA L. COHEN, JJ., concur.