**James H. BALLARD, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 99259.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 17, 2013.

Erika R. Eliason, Columbia, MO, for appellant.

Chris Koster, Timothy A. Blackwell, Jefferson City, MO, for respondent.

## Introduction

**GARY M. GAERTNER, JR., Judge.**

James Ballard (Movant) appeals from the motion court's judgment denying his Missouri Rule of Criminal Procedure 29.15[1] motion for post-conviction relief after an evidentiary hearing. Movant claims his counsel was ineffective for failing to object to the State's questions during Movant's cross-examination. We affirm.

## Factual and Procedural Background

Movant was charged as a prior and persistent offender with one count of statutory sodomy in the first degree, two counts of endangering the welfare of a child in the first degree, one count of statutory sodomy in the second degree, and three counts of use of a child in sexual performance. After a jury trial, he was convicted on all counts. The court sentenced him to thirty years' imprisonment in the Missouri Department of Corrections on the count of first-degree statutory sodomy, and fifteen years on each remaining count, to be served concurrently. His conviction and sentence were affirmed on appeal. *State v. Ballard,* 356 S.W.3d 789 (Mo.App. E.D. 2011).

At trial, A.D., Movant's step-daughter, testified to the following. Movant provided her with methamphetamine, cocaine, marijuana, and alcohol. While A.D. was between the ages of 13 and 14, she and Movant engaged in near-daily sexual activity, including oral sex, masturbation, and sexual intercourse. She reported the abuse to the police in January of 2007. M.B., A.D.'s mother, also testified that Movant gave A.D. drugs and that she witnessed A.D. and Movant engage in sexual activities on three separate occasions. M.B. testified that after A.D. reported the abuse to the police, Movant went to Mexico with M.B. Movant was arrested in Mexico after approximately two months. M.B. was also arrested about a month later, and she agreed to testify against Movant in exchange for probation. Jesus Meja, Jr., a Deputy U.S. Marshal (Deputy U.S. Marshal Meja), testified at trial that he had contact with Movant after Movant was returned to the United States and he over-

---

1. All rule references are to Mo. R.Crim. P.2013, unless otherwise indicated.

heard Movant's spontaneous utterance: "I don't know why people get upset about a fourteen-year-old crack whore sucking your dick."

Movant testified in his own defense, denying the allegations he engaged in any sexual activities with A.D. or provided her with methamphetamine or cocaine. He testified to the following, as relevant to this appeal. He was happy M.B. was testifying against him so she would not have to go to prison, but he maintained his innocence. He did not go to Mexico after A.D. filed charges, but before. In fact, he went to Mexico to avoid a criminal indictment for stealing copper wire. Last, Deputy U.S. Marshal Meja was either mistaken or lying about what he stated he overheard.

During cross-examination, the State first questioned Movant about the inconsistency of his statement he was happy M.B. had entered into an agreement to testify against him to avoid prison, in that although he confirmed he understood if she lied her agreement would be violated and would result in her going to prison, the implication of his claim of innocence was that she was lying. The State next asked Movant if A.D. and M.B. were lying when they testified A.D. filed charges before Movant went to Mexico. Movant responded that their testimony was incorrect, and A.D. had gone to the police to make a report unrelated to this case before they left for Mexico, which would be confirmed by the police report. Third, in response to the State's question whether Deputy U.S. Marshal Meja had lied or made a mistake, Movant clarified that Deputy U.S. Marshal Meja told a "bold-face lie."

Last, after Movant testified on cross-examination that he "never touched [A.D.] sexually in any way, shape or form," the State then questioned:

[State]: And your position is that everybody that has come in here has lied in some form or fashion. You're the only one that has told the truth. Everybody is against you. It's a big conspiracy?

[Movant]: No. My opinion is that you haven't let the truth come out. You've suppressed it. You've kept it from the jury. You've hidden things. You've objected to things that you don't want in. And that's what you've done and you've twisted it all around.

[State]: So it's not that the witnesses have come in and been untruthful, it's that me as the prosecutor—

[Movant]: You.

[State]:—I have—I have somehow pulled this charade across on you, on the judge, on the jury and everybody else; you're the only one that knows absolutely what's correct, is that right?

. . .

[State]: Okay. So everybody has lied or somehow misstated the truth except you, you're the only one that's been truthful all the way through, correct?

[Movant]: No, there's been some things that were true.

[State]: But you're the only one that's been truthful the entire time they've been on the stand.

[Movant]: I've been truthful the entire time I've been on the stand.

Movant's trial counsel did not object to any of the State's questions.

■ Following his conviction and direct appeal, Movant filed a *pro se* motion for postconviction relief under Rule 29.15. The motion court appointed counsel and granted until August 7, 2012, to file the amended motion. The amended motion was filed August 8, but it was treated as timely.[2] The amended motion asserted

2. When an untimely amended motion for    post-conviction relief is treated as timely and

trial counsel, Mary Joe Smith (Smith), was ineffective for failing to object on cross-examination when the State asked Movant questions about the credibility of other witnesses.

At an evidentiary hearing on the motion, Smith testified that during the trial she was not aware of case law stating the State should not cross-examine a defendant regarding the veracity of prior testifying witnesses. Regardless, she testified she did not object to the questions on cross-examination about M.B.'s plea agreement and Deputy U.S. Marshal Meja, because Movant opened the door to questions about their credibility by raising the issue in his answers during direct examination. Further, she made a strategic decision not to object in both instances in order not to draw the jury's attention to the line of questioning. Smith next testified any objection to the question on cross-examination asking whether Movant believed A.D. was lying about the timing of her police report relative to when Movant went to Mexico would not have made a difference to the outcome of the trial. Last, regarding the State's question on cross-examination whether everyone but Movant was lying, Smith testified she did not object because Movant appeared to be "holding his own" with the prosecutor. Smith agreed, however, that "looking back, [she] probably should have objected from the beginning."

The motion court agreed that Movant had opened the door to questions about M.B.'s plea agreement and Deputy U.S. Marshal Meja's testimony. Further, the court found Smith's stated trial strategies—that she did not want to draw undue attention to the cross-examination and that she did not want to interrupt Movant's exchange with the prosecutor—to be rea-

addressed on the merits by the motion court, movant is not prejudiced by counsel's failure to timely file the motion and remand is not

sonable. Last, finding that no prejudice resulted from Smith's failure to object, the motion court denied Movant's Rule 29.15 motion. This appeal follows.

*Standard of Review*

■■■■ Appellate review of the motion court's denial of a Rule 29.15 motion is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 29.15(k). Findings and conclusions are clearly erroneous only if a full review of the record definitely and firmly reveals that a mistake was made. *Forrest v. State,* 290 S.W.3d 704, 708 (Mo. banc 2009). We defer to the motion court's greater ability to judge the credibility of witnesses. *Bradley v. State,* 292 S.W.3d 561, 566 (Mo.App. E.D.2009).

*Discussion*

*Point I*

In his sole point on appeal, Movant challenges the motion court's denial of his claim of ineffective assistance of counsel, arguing his counsel was ineffective for failing to object when the State asked Movant to comment on the credibility of the State's witnesses. Movant's argument is without merit.

■■■■ To prevail on a claim of ineffective assistance of counsel, a movant must establish by a preponderance of the evidence: (I) that trial counsel failed to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances; and (2) that counsel's deficient performance prejudiced defendant. *Anderson v. State,* 196 S.W.3d 28, 33 (Mo. banc 2006) (citing *Strickland v. Washington,* 466 U.S. 668, 687–92, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). We "presume[ ] that counsel's conduct was

necessary. *Morgan v. State,* 296 S.W.3d 1, 5 (Mo.App. E.D.2009).

reasonable and effective," and that any challenged action was part of counsel's reasonable trial strategy. *Anderson*, 196 S.W.3d at 33; *see also Barnett v. State*, 103 S.W.3d 765, 769 (Mo. banc 2003). A movant must satisfy both prongs of this test, and should the movant fail to establish either the performance or prejudice prong, we need not consider the other. *Smith v. State*, 276 S.W.3d 314, 317 (Mo. App. E.D.2008).

■ As a general rule, witnesses "should not be asked to opine upon the truth or veracity of another [witness's] testimony." *State v. Roper*, 136 S.W.3d 891, 900 (Mo.App. W.D.2004). When a trial attorney seeks to expose contradictory testimony between several witnesses, the attorney "may not directly ask one witness if another witness was lying." *Id.* (citation omitted). This rule is premised on the idea that such questions have no probative value but that their sole purpose is to "score rhetorical points" and to make the defendant look bad. *Id.* at 901.

■ We agree with Movant that the State's four referenced questions on cross-examination violated this general rule and were properly objectionable. *See State v. Savory*, 893 S.W.2d 408, 411 (Mo.App. W.D.1995) (court erred in overruling defendant's objection to such questioning). While there is a strong presumption that counsel's failure to object was a sound trial strategy, a trial strategy that is based on an erroneous interpretation of the law or a failure to sufficiently review the relevant case law cannot be termed a reasonable trial strategy. *See Butler v. State*, 108 S.W.3d 18, 25–26 (Mo.App. W.D.2003) (counsel's choice not to object to admission of testimony believing any challenge did not have much chance of success was not

reasonable trial strategy when case law clearly revealed challenged testimony would have been found inadmissible). Smith testified she was not aware of the rule prohibiting questions to elicit opinions on whether another witness was lying, and thus her trial strategy would not have been reasonable, in that it was not a fully informed strategy.

■ Moreover, we do not agree with Smith's conclusion that it was not necessary to object to questions about whether M.B. and Deputy U.S. Marshal Meja were lying on the ground that the Movant had opened the door during direct examination to his opinion of their credibility. While a defendant can open the door to the admission of inadmissible evidence,[3] here the challenged questions did not attempt to explore inadmissible evidence as much as they were improperly argumentative. Whether or not Movant discussed M.B.'s plea agreement or Deputy U.S. Marshal Meja's testimony on direct examination, Smith should have objected to the questions as being argumentative and improper under *Roper*.

■ Although Smith failed to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances, Movant nevertheless failed to demonstrate prejudice by showing a reasonable probability that but for counsel's alleged errors the outcome of the trial would have been different. *Anderson*, 196 S.W.3d at 33; *Harris v. State*, 400 S.W.3d 896, 898 (Mo.App. E.D.2013). The failure to object to objectionable evidence will not establish ineffective assistance of counsel unless the admitted evidence resulted in a substantial deprivation of the defendant's right to a fair trial. *Greer v. State*, 406 S.W.3d 100, 107 (Mo.App. E.D.2013) (citing

---

**3.** "The doctrine of opening the door allows a party to explore otherwise inadmissible evidence on cross-examination when the opposing party has made unfair prejudicial use of related evidence on direct examination." *Barnett v. State*, 103 S.W.3d 765, 773 n. 5 (Mo. banc 2003) (citing *United States v. Durham*, 868 F.2d 1010, 1012 (8th Cir.1989)).

*Stuckey v. State,* 756 S.W.2d 587, 591 (Mo. App. W.D.1988)).

In cases where the State's witnesses and the defense witnesses are in "drastic disagreement" about the events leading to the indictment, the jury necessarily has to determine the credibility of the witnesses in order to render a verdict. *Savory,* 893 S.W.2d at 411. Because the parties' relative credibility was already at issue, Movant failed to show how the improper questions affected the jury's decision. *See id.* Likewise, in *Roper,* the Western District noted any prejudice from improper questions was "lessened or more difficult to establish" when the credibility of the parties and the dramatic difference in their testimony was a key issue at trial. *Roper,* 136 S.W.3d at 903.

Moreover, the evidence of Movant's guilt was substantial. *See id.* A.D. and M.B. were united in their testimony against Movant, and their version of events was supported by testimony from Deputy U.S. Marshal Meja and the note Movant left stating he was in trouble and was going to Mexico. This evidence contradicts Movant's claims of innocence to such an extent that there is little probability that the jury's verdict would have been different had the error not taken place. *See id.*

Without prejudice, we see no clear error in the motion court's denial of Movant's Rule 29.15 motion. Rule 29.15(k); *Anderson,* 196 S.W.3d at 33.

Point denied.

### Conclusion

The judgment of the motion court is affirmed.

Lisa S. Van Amburg, P.J., Patricia L. Cohen, J., concur.