**Maya Zapata GASA, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

**No. SD 32433.**

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 27, 2013.

---

Kent E. Gipson, Kansas City, for Appellant.

Chris Koster (Attorney General), Evan J. Buchheim, Jefferson, City, for Respondent.

NANCY STEFFEN RAHMEYER, P.J.

Maya Zapata Gasa ("Movant") appeals from the denial without an evidentiary hearing of her original *pro se* motion for post-conviction relief pursuant to Rule 29.15.[1] We reverse and remand for the motion court to determine whether Movant's motion counsel abandoned Movant with the result that an amended motion filed by motion counsel should be treated as filed timely. If so, the motion court then should resolve Movant's post-conviction relief proceeding in accordance with Rule 29.15 on the basis of the amended motion.

**Procedural History**

Following a trial to the court, Movant was convicted of statutory sodomy in the first degree of a child who was less than twelve at the time ("Victim"), acquitted of sexual exploitation of Victim, and sentenced to twelve years in the Department of Corrections. Movant appealed, and we affirmed the trial court's judgment in an unpublished, *per curiam* order and memorandum. Our mandate issued on May 10, 2011.

On August 1, 2011, Movant timely filed a *pro se* motion for post-conviction relief pursuant to Rule 29.15. In an order filed on August 10, 2011, the motion court appointed the State public defender to represent Movant "in this 24.035 action, and the amended motion is due sixty days from either the date of this order or the date the guilty plea and sentencing transcript is filed in the circuit court, whichever is later."

Retained motion counsel entered an appearance on behalf of Movant on September 19, 2011. That same day, motion counsel filed an application for an extension of thirty days in which to file an amended motion "pursuant to Rule 29.15(g)." The motion court never ruled on motion counsel's application for an extension of time to file an amended motion. Motion counsel did not file an amended motion, even within the extra time requested, but did undertake discovery.

On April 27, 2012, the State requested that the motion court "proceed on [Movant's] pro se motion," and filed proposed findings of fact and conclusions of law, noting that "no Amended Motion has been filed and it is now time barred." Motion counsel filed suggestions in opposition to the State's request on May 7, 2012, and subsequently filed an amended motion for post-conviction relief on May 29, 2012. The amended motion added two new claims to the four claims contained in Movant's *pro se* motion, and expanded the facts alleged to support the claims from two pages in Movant's *pro se* motion to twenty-

---

**1.** All references to rules are to Missouri Court Rules (2013).

one pages less a small amount of legal authority and argument in the amended motion.

In August 2012, without conducting an evidentiary hearing or expressly ruling on the State's motion to proceed on Movant's *pro se* motion, the motion court signed the proposed findings of fact and conclusions of law previously submitted by the State and denied Movant's *pro se* motion.[2] The proposed findings of fact and conclusions of law signed by the motion court refer to only Movant's *pro se* motion and address only the claims and facts set forth in Movant's *pro se* motion.

Motion counsel then filed a motion to vacate and amend the judgment, and, following the motion court's failure to rule on the motion within ninety days,[3] appealed the judgment.

## Analysis

■■■ When a movant seeks post-conviction relief following a direct appeal after trial, Rule 29.15(g) provides that an amended motion for post-conviction relief:

> shall be filed within sixty days of the earlier of: (1) the date both the mandate of the appellate court is issued and counsel is appointed or (2) the date both the mandate of the appellate court is issued and an entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant. The court may extend the time for filing the amended motion for one additional period not to exceed thirty days.

The motion court is compelled to dismiss an amended motion that is filed late unless motion counsel "abandoned" movant. *Gehrke v. State*, 280 S.W.3d 54, 57 (Mo. banc 2009). Abandonment by motion counsel is a "narrow exception," but includes:

> "when ... post-conviction counsel is aware of the need to file an amended post-conviction relief motion and fails to do so in a timely manner." *Crenshaw v. State*, 266 S.W.3d 257, 259 (Mo. banc 2008) (quoting. *Barnett v. State*, 103 S.W.3d 765, 773–74 (Mo. banc 2003)). If postconviction counsel is found to have abandoned a movant, "the proper remedy is to put the movant in the place where the movant would have been if the abandonment had not occurred." *Id.* It is imperative for relief, however, that the movant in no way be responsible for the failure to comply with the requirements of either Rule 24.035 or Rule 29.15. *Sanders v. State*, 807 S.W.2d 493, 495 (Mo. banc 1991).

*Id.*

In this post-conviction proceeding, motion counsel filed Movant's amended motion for post-conviction relief late under Rule 29.15(g).[4] The motion court ignored Movant's untimely amended motion and entered judgment based solely on Movant's *pro se* motion. Movant's amended motion added two new claims, and greatly

---

2. The motion court signed the proposed findings of fact and conclusions of law on August 3, and the proposed findings and conclusions were filed on August 9.

3. *See* Rule 78.06.

4. Although the amended motion may have been filed timely under the express terms of the motion court's order that "the amended motion is due sixty days from either the date of this order or the date the guilty plea and sentencing transcript is filed in the circuit court, whichever is later," a motion court does not have the authority to extend the time for filing an amended motion under Rule 29.15 beyond the time permitted by the rule. *Rutherford v. State*, 192 S.W.3d 746, 748–50 (Mo.App. S.D.2006). The motion court appears inadvertently to have used language from Rule 24.035(g) in its order. Rule 24.035 is not applicable to this post-conviction proceeding under Rule 29.15.

expanded the facts alleged to support the claims asserted. If the amended motion should be treated as filed timely because motion counsel abandoned Movant, the expanded factual allegations in the amended motion may require an evidentiary hearing with respect to at least some of the claims asserted. The evidence presented at an evidentiary hearing may result in significantly different findings of fact and conclusions of law than those set forth in the motion court's judgment based on Movant's *pro se* motion.

As a result, we reverse and remand for the motion court to determine whether Movant's motion counsel abandoned Movant with the result that the amended motion filed by motion counsel should be treated as filed timely. If so, the motion court then should resolve Movant's post-conviction relief proceeding in accordance with Rule 29.15 on the basis of the amended motion. *See Sanders v. State,* 807 S.W.2d 493, 495 (Mo. banc 1991) ("This cause is remanded to the motion court for findings. If the court determines that the untimeliness of the amended motion resulted exclusively from counsel's action or inaction, the court shall consider the amended motion as having been timely filed and proceed according to the provisions of the rule [i.e., Rule 29.15]. Until the court makes findings in accordance with this opinion, it is unnecessary to address the remaining claims raised on appeal. They relate to the *pro se* motion and may become moot in the event that the motion court's findings afford relief to movant.").

DANIEL E. SCOTT, J., and WILLIAM W. FRANCIS, JR., C.J., CONCUR.