

# IN THE MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | | |
|---|---|---|
| DONNY LEE COX, | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | WD76549 |
| | ) | |
| STATE OF MISSOURI, | ) | FILED: October 14, 2014 |
| Respondent. | ) | |

**Appeal from the Circuit Court of Buchanan County**
**The Honorable Daniel F. Kellogg, Judge**

**Before Division Two: Victor C. Howard, P.J., and Alok Ahuja and Gary D. Witt, JJ.**

Donny Cox pled guilty to statutory sodomy in the first degree and sexual exploitation of a minor. He filed a *pro se* motion for post-conviction relief under Supreme Court Rule 24.035 in the Circuit Court of Buchanan County. His appointed counsel later filed an amended motion. The circuit court denied Cox's amended motion following an evidentiary hearing, and Cox appeals. He argues that his amended post-conviction relief motion was untimely under Rule 24.035(g), and that the circuit court therefore erred in addressing the merits of his claims. Because Cox has failed to establish that he was prejudiced by the motion court's ruling on the merits of his amended motion, we affirm.

### Factual Background

On September 28, 2010, Cox pled guilty to statutory sodomy in the first degree and sexual exploitation of a minor. On November 4, 2010, the court sentenced him to forty years'

imprisonment for the sodomy offense, and to ten years for sexual exploitation. The court ordered the sentences to run consecutively.

Cox filed a *pro se* Motion to Vacate, Set Aside, or Correct the Judgment or Sentence under Rule 24.035 on May 2, 2011. The motion court appointed the public defender to represent Cox on May 10, 2011. The transcript of Cox's guilty plea and sentencing was filed in the circuit court on November 30, 2011. Cox's appointed counsel filed an amended motion for post-conviction relief on June 11, 2012.

Cox's amended motion alleged that his plea counsel was ineffective because counsel: (1) failed to advise Cox that the Court was not required to follow the sentencing recommendations contained in the plea agreement; (2) failed to advise Cox that he could withdraw his guilty plea; and (3) failed to advise Cox of available defenses should he choose to go to trial.

The circuit court held an evidentiary hearing on Cox's amended motion on December 19, 2012, at which Cox's plea counsel testified. On December 20, 2012, the motion court entered its judgment denying Cox's amended motion on the merits. This appeal followed.

**Analysis**

Cox raises a single claim on appeal: that the motion court erred in ruling on the merits of his amended motion for post-conviction relief, because the amended motion was untimely. Cox asks this Court to vacate the judgment of the motion court, so that he can then file a new motion for post-conviction relief based on the contention that he was abandoned by post-conviction counsel due to the untimely filing of the amended motion. *See*, *e.g.*, *Moore v. State*, 328 S.W.3d 700, 702 (Mo. banc 2010) (noting that "abandonment traditionally excuses a late filing in two situations: (1) when post-conviction counsel fails to file an amended motion and the record

2

shows the movant was deprived of meaningful review of the claims; or (2) when post-conviction counsel files an untimely amended motion").

Rule 24.035(g) provides that, where no direct appeal is taken, an amended motion for post-conviction relief must be filed:

> within sixty days of the earlier of: (1) the date both a complete transcript consisting of the guilty plea and sentencing hearing has been filed in the trial court and counsel is appointed or (2) the date both a complete transcript has been filed in the trial court and an entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant.

Rule 24.035(g) authorizes the motion court to grant one extension of time, not to exceed thirty days, for the filing of an amended motion.

In this case, the motion court appointed the public defender's office to represent Cox on May 10, 2011. Cox's guilty plea and sentencing transcripts were filed on November 30, 2011. Accordingly, Cox's amended motion was due on January 30, 2012 (since no extension of time was requested or granted). The amended motion was not filed, however, until June 11, 2012, 133 days later. Although the amended motion was filed more than four months late, the motion court held an evidentiary hearing on the motion, and ultimately denied Cox's claims on their merits.

The State did not argue in the circuit court that Cox's amended motion was untimely. As Cox points out, however, the filing deadlines contained in the post-conviction relief rules are mandatory, and cannot be waived. *Dorris v. State*, 360 S.W.3d 260, 270 (Mo. banc 2012). "It is the court's duty to enforce the mandatory time limits and the resulting complete waiver in the post-conviction rules – even if the State does not raise the issue." *Id.* at 268.

While courts may have an obligation to enforce the filing deadlines found in Rules 24.035 and 29.15 on their own motion, this presumes that a live controversy exists concerning

whether the movant is entitled to post-conviction relief. In this case, however, Cox does not argue that he is legally entitled to post-conviction relief. He does not contend that the claims asserted in his amended motion were meritorious. Nor does Cox assert that, because the amended motion was untimely, the motion court should have instead considered, and granted relief on, the claims asserted in his original *pro se* motion. Thus, Cox's appellate briefing does not argue that he is entitled to post-conviction relief either because the motion court erroneously rejected a meritorious claim, or because it erroneously failed to consider a meritorious claim. Cox merely argues that the motion court erred in considering the claims asserted in his amended motion at all.

To be successful on appeal, a party must do more than simply assert that the trial court committed error. An assertion of error without a showing of how that error prejudiced the appellant does not warrant reversal. Supreme Court Rule 84.13 makes this explicit: "No appellate court shall reverse any judgment unless it finds that error was committed by the trial court against the appellant materially affecting the merits of the action." *See also*, *e.g.*, *Precision Elec., Inc. v. Ex-Amish Specialties, Inc.*, 400 S.W.3d 802, 812 (Mo. App. W.D. 2013) (quoting *Furlong Cos.v. City of Kansas City*, 189 S.W.3d 157, 166 (Mo. banc 2006)). Cox has raised no claim of prejudice, because he has not argued on appeal that he is entitled to withdraw his guilty plea based on the claims asserted in either his original or amended post-conviction relief motions. By failing to demonstrate that he was prejudiced by the motion court's disposition of the claims in his amended motion, Cox has failed to establish any basis for reversal of the motion court's judgment.

Cox argues that he is entitled to vacatur of the motion court's judgment, because it would allow him to return to the circuit court and argue that he was abandoned by his appointed post-

4

conviction counsel. Cox suggests that, if he were able to establish abandonment due to counsel's untimely filing of the amended motion, "a proper remedy for that abandonment [would be] the appointment of new counsel and the filing of a new amended motion."

Cox is mistaken concerning the nature of an abandonment claim, and the relief to which he would be entitled if the motion court found that he had been abandoned by post-conviction counsel. Cox appears to contend that he was abandoned simply because of appointed counsel's untimely filing of the amended motion, even though the motion court actually considered the amended motion on its merits. He also asserts that he would be entitled to the appointment of new counsel, and the filing of an entirely new amended motion, based on that abandonment. Numerous prior decisions hold, however, that a post-conviction movant is not entitled to relief for abandonment based on the untimely filing of an amended motion if the motion court has already considered the merits of the untimely amended motion. Thus, even if this Court vacated the existing judgment and Cox attempted to establish abandonment, he would end up exactly where he is now: with a denial of the ineffective assistance of counsel claims asserted in the amended motion filed on June 11, 2012.

The Missouri Supreme Court has made clear that "[i]f a court finds that a movant has been abandoned, then the proper remedy is to put the movant in the place where the movant would have been if the abandonment had not occurred." *Crenshaw v. State*, 266 S.W.3d 257, 259 (Mo. banc 2008); *accord*, *Stanley v. State*, 420 S.W.3d 532, 543 & n.8 (Mo. banc 2014). Appointment of new counsel may be an appropriate remedy where appointed counsel completely fails to perform his or her obligations; where the abandonment consists solely of filing an amended motion too late, however, "the motion court need only treat the tardy amendment as timely in order to restore the intended effect of Rule 29.15(e)[, which is substantively identical to

5

Rule 24.035(e)].” *Price v. State*, 422 S.W.3d 292, 298 (Mo. banc 2014); *see also*, *e.g.*, *Gasa v. State*, 415 S.W.3d 141, 144 (Mo. App. S.D. 2013) (citing *Sanders v. State*, 807 S.W.2d 493, 495 (Mo. banc 1991)).

Applying these principles, *Morgan v. State*, 296 S.W.3d 1 (Mo. App. E.D. 2009), held that a movant claiming abandonment based on the late filing of an amended motion was not entitled to relief because the motion court had already addressed the amended motion on the merits. In *Morgan*, appointed post-conviction counsel attempted to file an amended motion by facsimile on the last date for filing. *Id.* at 3. Facsimile filing was ineffective under the circuit court's local rules, however. *Id.* at 4. A copy of the amended motion was physically filed at the court two days later, out of time; but the motion court addressed the merits of the amended motion nonetheless. *Id.* at 3. In these circumstances, the Eastern District concluded that the movant had not established any right to relief for abandonment, because the motion court had already considered the merits of his untimely amended motion. The court explained:

> Having concluded that Appellant was abandoned by post-conviction counsel's failure to file a timely, verified amended motion, we must consider the available remedies. Depending on the circumstances of the case, a cause generally can be remanded with instructions either: (1) for the appointment of new counsel for the filing of an amended motion; or (2) for the motion court to treat the amended motion as timely filed. . . .
>
> Remanding to allow new counsel to file an amended motion is appropriate in situations where appointed counsel filed no motion nor took any action on behalf of the movant, which is not the case before us. Although Appellant takes issue with the sufficiency of the motion's factual allegations, he does not argue in his Motion to Reopen that counsel failed to raise any known issues. Hence, it can only be said that Appellant was abandoned with regard to the timing of the motion and its verification, but not to the motion's actual content. As such, the best remedy available to Appellant would be to remand the cause with instructions for the court to treat the previously filed motion as timely.
>
> Remanding in this case, however, would serve no purpose because the motion court already addressed the merits of the issues raised in the *pro se* and amended motions in its original order denying Appellant post-conviction relief. . . . Because the motion court fully considered the points raised in both the *pro se*

6

and amended motion, Appellant was not prejudiced by his counsel's failure to timely file or verify the amended the motion.

*Id.* at 5 (citations omitted).[1] Other cases reach the same result: a post-conviction relief movant is not entitled to relief on the basis of abandonment if the motion court considered the merits of an untimely filing.[2]

Under these decisions, even if the untimely filing of Cox's amended motion established abandonment, Cox would only be entitled to have the amended motion reinstated, and addressed on the merits. But that has already occurred, and Cox makes no claim that the motion court's merits ruling on the claims asserted in his amended motion is erroneous. A finding that the amended motion was a nullity because it was untimely, and any subsequent finding that that untimeliness resulted from counsel's abandonment, would change nothing. Because Cox has failed to establish that he was prejudiced by the circuit court's consideration of the merits of the

---

[1]    *Morgan*, and several of the cases cited in footnote 2, below, treat the questions of abandonment by counsel, and prejudice to the movant as a result of abandonment, as distinct issues. Thus, *Morgan* suggests that the movant was "abandoned" by the late filing of an amended motion, even though the motion court considered the amended motion on the merits. We question this analytical approach. The foundation of the "abandonment" doctrine has been to respond to situations in which the actions or inactions of counsel have forfeited a movant's right to meaningful review of his or her post-conviction claims. Where a movant has in fact *received* a meaningful review of his or her claims despite counsel's actions or inactions, it would seem that no "abandonment" has occurred – not simply that movant suffered no *prejudice* from an "abandonment." This nuance does not affect the outcome of this case, however, and we do not further address it.

[2]    *Kreidler v. State*, 419 S.W.3d 870, 874-75 (Mo. App. S.D. 2013) (despite claim of abandonment based on counsel's untimely filing of original post-conviction relief motion, "[n]o remand is necessary here because it would grant Movant what he has already received – an evidentiary hearing and a merit-based ruling on the original motion"); *Ballard v. State*, 408 S.W.3d 327, 330-31 n.2 (Mo. App. E.D. 2013) ("When an untimely amended motion for post-conviction relief is treated as timely and addressed on the merits by the motion court, movant is not prejudiced by counsel's failure to timely file the motion and remand is not necessary."); *Harper v. State*, 404 S.W.3d 378, 385-86 (Mo. App. S.D. 2013) ("when the abandonment alleged concerns only the timing of any filing, the best remedy is remand with instructions to treat the filing as timely. Where the motion court has already treated the filing as timely and ruled on the merits of the postconviction motion, remand would serve no purpose." (citations omitted)); *Morgan v. State*, 51 S.W.3d 550, 552-53 (Mo. App. E.D. 2001) (although circuit court's docket sheet did not reflect that amended motion was formally filed, the court addressed the merits of the claims asserted in the amended motion; therefore, movant was not prejudiced by counsel's apparent failure to timely file the amended motion).

claims asserted in his amended motion for post-conviction relief, it is unnecessary for this court to address the timeliness issue. [3]

## Conclusion

The circuit court's judgment, which denied Cox's amended motion for post-conviction relief, is affirmed.

_____
Alok Ahuja, Judge

All concur.

---

[3] This case is distinguishable from cases like *Miller v. State*, 386 S.W.3d 225 (Mo. App. W.D. 2012), and *Oliver v. State*, 196 S.W.3d 643 (Mo. App. S.D. 2006). In those appeals, the movants argued that the motion court's rejection of their post-conviction claims was erroneous. Before addressing the merits of the post-conviction claims, however, the courts in *Miller* and *Oliver* held that it was necessary to determine whether the movants' post-conviction relief motions had been timely filed. In this case, by contrast, Cox makes no merits argument at all; it is therefore unnecessary to resolve the timeliness issue as a prerequisite to addressing his substantive claims.