

# In the Missouri Court of Appeals
# Eastern District

## DIVISION TWO

| | | |
|---|---|---|
| BRIAN MANN, | ) | No. ED102368 |
| | ) | |
| Movant/Appellant, | ) | Appeal from the Circuit Court of |
| | ) | the City of St. Louis |
| vs. | ) | |
| | ) | Honorable Thomas C. Grady |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | Filed: November 10, 2015 |

### Introduction

Brian Mann (Movant) appeals the judgment of the Circuit Court of the City of St. Louis denying his Rule 29.15 motion for post-conviction relief. In his sole point on appeal, Movant claims that the motion court clearly erred by denying his post-conviction motion without an evidentiary hearing because he pleaded facts unrefuted by the record that trial counsel was ineffective for failing to retain a blood splatter expert, whose testimony would have enhanced Movant's alibi defense. Because the amended motion was untimely filed and the motion court made no independent "abandonment" inquiry, we reverse and remand.

### Background

Movant's convictions for two counts of first-degree murder, first-degree assault, first-degree robbery, and four counts of armed criminal action arose from an armed robbery on May 12, 2008. On that date, Movant and two accomplices entered a wholesaler store and took money

from the clerk working behind the counter. When the owner and store manager, who were in a nearby office behind the counter, came to the office door after the robbery began, Movant and his accomplices began shooting. The gunfire killed the owner and manager and struck the clerk in the legs. Video surveillance showed Movant armed with a MAC-type semiautomatic firearm and wearing a camouflage jacket. Movant was apprehended and Vidyasagar Gado, a store clerk present at the robbery, identified Movant as one of the robbers. Movant raised an alibi defense that he was at his mother's house at the time of the shooting. After a jury trial, the trial court sentenced Movant as a prior and persistent offender to five life sentences, two without the possibility of parole, and three twenty-year sentences. This Court affirmed his convictions and sentences on direct appeal, *State v. Mann*, 347 S.W.3d 615 (Mo. App. E.D. 2011), and entered its mandate on October 17, 2011.

Movant filed a timely pro se Rule 29.15 motion for post-conviction relief. The motion court entered an order appointing counsel on April 10, 2012. Counsel entered his appearance on April 19, 2012 and, on June 12, 2012, moved for a 30-day extension to file an amended motion. The motion court never entered an order ruling on or granting the extension. Then, on July 13, 2012, appointed counsel filed an amended motion. Ultimately, the motion court denied Movant's amended motion without an evidentiary hearing, finding that Movant "failed to allege facts which are not refuted by the record and which entitle him to relief." Movant appeals.

## Abandonment

Movant recognizes that this Court is required to examine the timeliness of amended motions in post-conviction cases. According to Movant, the amended motion was not timely filed and, therefore, he was abandoned by counsel. Despite the motion court's failure to address the issue of abandonment, Movant requests that we find that counsel abandoned Movant, deem

the amended motion to have been timely filed, and consider the merits of Movant's appeal. Alternatively, Movant requests that we stay this appeal pending a remand to the motion court for it to inquire whether Movant was abandoned. The State concurs with Movant's request.

Rule 29.15(g) governs the time for filing an amended motion and provides, in relevant part:

> If an appeal of the judgment sought to be vacated, set aside, or corrected is taken, the amended motion shall be filed within sixty days of the earlier of: (1) the date both the mandate of the appellate court is issued and counsel is appointed or (2) the date both the mandate of the appellate court is issued and an entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant. The court may extend the time for filing the amended motion for one additional period not to exceed thirty days.

Here, counsel was appointed on April 10, 2012, after this Court entered its mandate. Thus, Movant's amended motion was due sixty days from that date, or June 11, 2012.[1] Counsel, however, did not file an amended motion on or before that date and, instead, one day later, filed a motion for a 30-day extension on June 12th. The motion court never ruled on that motion. Subsequently, counsel filed Movant's amended motion on July 13, 2012, which, had the motion court granted the 30-day extension, was several days after that deadline.

The parties do not dispute that Movant's amended motion was untimely filed and that the motion court, in considering Movant's post-conviction motion, did not make an independent inquiry into whether post-conviction counsel abandoned Movant. Both Movant and the State request this Court to find that counsel abandoned Movant and to consider the merits of Movant's appeal. Our Supreme Court's recent decision in *Moore v. State*, 458 S.W.3d 822 (Mo. banc 2015), however, dictates otherwise.

---

[1] Sixty days from April 10, 2012, is actually June 9, 2012, a Saturday. When the last day of a period is a Saturday, the period runs to the next day that is neither a Saturday, Sunday, nor legal holiday. *See* Rule 44.01(a).

There, the movant filed a timely pro se motion for post-conviction relief and the movant's appointed counsel missed the sixty-day deadline for filing the movant's amended motion. *Id*. at 824. Counsel did not ask for an extension and the motion court did not, on its own motion, grant such an extension. *Id*. at 825. When counsel filed the amended motion well after the sixty-day deadline, the motion court considered the merits of the movant's amended motion without making any finding regarding abandonment. *Id*. at 824. On transfer from this Court, the Supreme Court held that when an "untimely amended motion is filed, the motion court has a duty to undertake an 'independent inquiry . . .' to determine if abandonment occurred." *Id*. at 825 (citation omitted). Because the motion court did not undertake such an inquiry and because "the motion court is the appropriate forum to conduct such an inquiry[,]" the Court reversed the motion court's judgment and remanded the matter for the court to conduct an inquiry whether the movant was abandoned. *Id*. at 826.

As the Court explained in *Moore*, the significance of such a determination is that, in the event the motion court finds that counsel abandoned movant, it will consider the merits of the amended motion, as abandonment extends the time limitations for filing an amended motion. *Id*. at 826. Alternatively, if the motion court finds that the movant has not been abandoned, but that the missed deadline is due to the movant's negligence or intentional failure to act, then the motion court will adjudicate the merits of the movant's initial pro se motion. *Id*. at 825; *Luleff v. State*, 807 S.W.2d 495, 498 (Mo. banc 1991). Abandonment of post-conviction counsel can occur in a number of ways, including, but not exclusively: when counsel fails to take any action toward filing an amended motion or when counsel fails to file an amended motion in a timely manner. *See Sanders v. State*, 807 S.W.2d 493, 494-95 (Mo. banc 1991).

4

The facts of the instant matter are substantially the same as those in *Moore*. Because the amended motion was untimely filed and the motion court made no abandonment inquiry, just as in *Moore*, a remand is necessary for the motion court to independently inquire whether Movant was abandoned and to further review, consistent with that finding, Movant's post-conviction claims. *See Moore*, 458 S.W.3d at 826.

Both parties acknowledge *Moore*, but ask this Court to find counsel abandoned Movant and deem the motion as timely filed. In support, the State, relying on *Childers v. State*, 462 S.W.3d 825 (Mo. App. E.D. 2015), asserts that remand is not necessary, despite the motion court's failure to make an abandonment inquiry, because the only issue appealed—failure to retain a blood splatter expert—was alleged in both the pro se and amended motion. In *Childers*, this Court concluded that remand for an abandonment inquiry was not necessary, despite the fact that post-conviction counsel had untimely filed the amended motion. *Id*. at 828. *Childers* distinguished *Moore* on the basis that, unlike in *Moore* where the motion court did not adjudicate any of the movant's pro se claims, the motion court in *Childers* considered *all* the claims raised in both the movant's pro se motion and amended motion. *Id*. Under these circumstances, the *Childers* Court determined that a remand would be "pointless" as the movant had received "all the process to which he is entitled[,]" i.e., the abandonment determination would have no effect on the relief available to the movant on remand because the motion court had already considered all the movant's claims in the pro se and amended motions. *Id*. The *Childers* Court, thus, considered the merits of the movant's post-conviction appeal. *Id*. at 828-29.

Here, Movant raised six claims in his pro se motion,[2] alleging that trial counsel was ineffective for (1) failing to object to Gado's identification of Movant at trial because Movant was not afforded counsel during the lineup procedure; (2) failing to call Timothy Boykins to

---

[2] Movant's pro se motion lists five claims of error, but the first claim actually includes two separate claims.

5

testify, as that individual could have committed the crime; (3) entering into a stipulation not to call the DNA expert who tested Movant's clothing, to tell the jury that Movant's clothing had none of the victims' DNA on them; and (4) failing to question an alibi witness whether Movant was wearing a camouflage jacket on the day of the crime. Movant also alleged that appellate counsel was ineffective for (1) failing to adequately allege that plain error occurred due to trial counsel's failure to object to Gado's identification; and (2) failing to raise an argument on direct appeal that the trial court erred in sustaining the State's motion to exclude evidence relating to Boykins and the circumstances under which Gado identified Movant. Comparatively, Movant's amended motion claimed that trial counsel was ineffective for failing to: (1) consult or hire an expert who could testify to blood splatter patterns, which would have enhanced Movant's alibi defense; (2) consult a videotape expert, to call into question the veracity and accuracy of the videotape; (3) object to Gado's identification of Movant; and (4) conduct an adequate offer of proof regarding the absence of the victims' blood or DNA on Movant's pants or shoes.

Under these circumstances, *Childers*' limited exception to *Moore*'s remand requirement is not applicable. The motion court's judgment, unlike in *Childers*, considered only those claims raised in Movant's amended motion. Consequently, while some overlap exists between the pro se motion and the amended motion, it cannot be said, as in *Childers*, that the motion court considered all the claims in the pro se and amended motions such that a remand would be "pointless." Because the motion court did not consider all the claims contained in movant's pro se motion and, instead, only considered the five claims raised in the amended motion, a remand is necessary for the purpose of determining abandonment and, thus, which claims—those in the pro se motion or those in the amended motion—are properly before the motion court.

The State also relies on a statement from *Cox v. State*, 445 S.W.3d 131 (Mo. App. W.D. 2014), for the same proposition that a remand is unnecessary. Specifically, this Court stated, "Numerous prior decisions hold, however, that a post-conviction movant is not entitled to relief for abandonment based on the untimely filing of an amended motion if the motion court has already considered the merits of the untimely amended motion." *Id*. at 134-35. In *Cox*, the amended motion was untimely filed and the motion court considered the merits of the motion without making an abandonment inquiry. *Id*. at 133. On appeal, the movant argued that post-conviction counsel had abandoned him and that he was entitled to a remand. *Id*. at 134. The *Cox* Court determined that no remand was necessary because the relief to be awarded for abandonment—consideration of the amended motion—would be the same that the movant had already received. *Id*. at 134-36.

*Cox*, and the cases cited therein, pre-date the Supreme Court's decision in *Moore* and are not controlling. The same factual pattern that existed in *Cox* existed in *Moore*: the motion court considered and ruled on the claims in the untimely amended motion. However, contrary to *Cox*, the Supreme Court held that a remand was necessary for the motion court to inquire whether the movant had been abandoned. *See Moore*, 458 S.W.3d at 826. We are constitutionally bound to follow the controlling precedent the Supreme Court established in *Moore*. MO. CONST., art. V, sec. 2 (1945); *Kinder v. Missouri Dep't of Corrections*, 43 S.W.3d 369, 374 (Mo. App. W.D. 2001). We therefore conclude that a remand is necessary for the purpose of conducting an independent abandonment inquiry and we do not reach the merits of Movant's appeal.

Finally, both parties request that we either stay or hold this matter in abeyance pending the outcome of the motion court's abandonment inquiry on remand. In support, the State cites numerous cases in which this Court has held a case in abeyance pending the results of a limited

remand. *See State v. Sanders*, 16 S.W.3d 349 (Mo. App. W.D. 2000); *State v. Nebbitt*, 455 S.W.3d 79 (Mo. App. E.D. 2014); *McQuary v. State*, 241 S.W.3d 446 (Mo. App. W.D. 2007). None of these cases concerned the issue of post-conviction counsel's abandonment. Accordingly, we follow the Supreme Court's direction in *Moore*, and reverse the motion court's judgment outright, remand the matter for a determination of abandonment and for further proceedings consistent with the motion court's inquiry. *See Lomax v. State*, 2015 Mo. App. LEXIS 688, *2-3 (Mo. App. E.D. June 30, 2015) (denying request for abeyance pending outcome of abandonment inquiry remand consistent with *Moore*).

### Conclusion

The judgment of the motion court is reversed and the case is remanded for further proceedings consistent with this opinion.

_____
Philip M. Hess, Presiding Judge

Gary M. Gaertner, Jr., J. and
Angela T. Quigless, J. concur.

8