

# In the Missouri Court of Appeals
## Eastern District
### DIVISION ONE

| | | |
|---|---|---|
| JAMES MARSHALL SCOTT, | ) | No. ED112665 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | the City of St. Louis |
| vs. | ) | 1822-CC01174 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable John T. Bird |
| | ) | |
| Respondent. | ) | Filed:  June 17, 2025 |

Before James M. Dowd, P.J., Angela T. Quigless, J., and Lisa P. Page, J.

**OPINION**

In this post-conviction relief case, appellant James Scott filed his *pro se* motion seeking relief under Rule 29.15[1] following a jury trial that resulted in his convictions on three counts of first-degree robbery, three counts of armed criminal action, and second-degree attempted robbery arising out of his crime-spree against five victims over a three-week period.  This Court issued its mandate affirming Scott's convictions in his direct appeal on July 5, 2018, which meant that Scott's amended motion was due sixty days later – September 4.[2]  Appointed counsel, however, did not file the amended motion until October 3.  Nevertheless, the motion court considered Scott's untimely amended motion, held an evidentiary hearing, and then denied it.

---

[1] All rule references are to the Missouri Supreme Court Rules (2018).
[2] Sixty days from July 5 was September 3, but that date was Labor Day so September 4 is the pertinent due date here.  Rule 44.01(a).

Though Scott brings four points on appeal, we do not reach their merits because his amended motion was untimely and the court failed to conduct an abandonment inquiry as required by Rule 29.15(g). Therefore, we must reverse and remand for that purpose.

## Background

From late December 2013 into early January 2014, Scott robbed five victims – three in the Central West End area of St. Louis City and two near the intersection of E. Grand and N. Broadway. The jury found him guilty of all charges – three counts of robbery first, three counts of armed criminal action, and one count of attempted robbery. The court sentenced Scott as a prior offender to seven years for the attempted robbery and life in prison for each of the remaining convictions. This Court affirmed the convictions in *State v. Scott*, 548 S.W.3d 351 (Mo. App. E.D. 2018).

On May 11, 2018, Scott prematurely filed his *pro se* Rule 29.15 motion. Six days later, the motion court appointed the public defender's office to represent him. On June 29, 2018, post-conviction counsel entered her appearance and requested a thirty-day extension to file an amended motion. The court did not rule on the motion.

Then, on July 5, 2018, this Court issued its mandate in *Scott*, 548 S.W.3d 351. Thus, pursuant to Rule 29.15(g), Scott's amended motion was due on September 4, 2018. On August 29, 2018, post-conviction counsel again requested a 30-day extension to file Scott's amended motion which the court granted on September 13, but the amended motion's filing deadline had already expired nine days earlier. Counsel filed Scott's amended motion on October 3. The court held an evidentiary hearing on the amended motion and then denied it.

This appeal follows.

## Standard of Review

We review a denial of a Rule 29.15 motion for post-conviction relief only to determine whether the court's findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k);

2

*Swallow v. State*, 398 S.W.3d 1, 10 (Mo. banc 2013). Findings and conclusions are clearly erroneous only when, in light of the entire record, the court is left with the definite and firm impression that a mistake has been made. *Id.* at 3. "The filing deadlines for postconviction relief 'are mandatory, and cannot be waived.'" *Watson v. State*, 536 S.W.3d 716, 717 (Mo. banc 2018) (quoting *Cox v. State*, 445 S.W.3d 131, 134 (Mo. App. W.D. 2014)).

**Discussion**

Scott brings four points on appeal claiming that the trial court erred in denying his Rule 29.15 motion because he proved that his counsel was ineffective in the following ways: (1) by failing to investigate alibi witnesses; (2) by failing to investigate hospital records; (3) by failing to impeach a witness with a prior inconsistent statement; and (4) by failing to object when the prosecutor argued that Scott should be punished for conduct for which he was acquitted. The State, however, claims that since Scott's amended motion was late, it can only be considered if the motion court conducts an abandonment inquiry, something it failed to do, and determines that the late filing was counsel's fault, not Scott's. We agree with the State and reverse and remand for an abandonment inquiry.

If the defendant seeks to vacate or set aside the court's judgment on direct appeal, an amended motion shall be filed "within 60 days of the earlier of the date both the mandate of the appellate court is issued and … [c]ounsel is appointed …." Rule 29.15(g). "[W]hen post-conviction counsel is appointed to an indigent movant, an amended motion filed beyond the deadline … can constitute 'abandonment' of the movant." *Moore v. State*, 458 S.W.3d 822, 825 (Mo. banc 2015). "If an amended motion seeking post-conviction relief is untimely, the motion court is required to conduct an independent inquiry into the reason for the untimely filing to determine whether post-conviction counsel abandoned the movant, which must be done *before* considering the merits of the amended motion and the evidence in support."

3

*McGary v. State*, 663 S.W.3d 515, 518 (Mo. App. E.D. 2023) (quoting *Harley v. State*, 633 S.W.3d 912, 916 (Mo. App. E.D. 2021)).

"An abandonment inquiry is important because if the motion court determines that the movant was abandoned, the court must permit the untimely filing; however, if the motion court finds the movant was not abandoned, the court does not permit the untimely filing and instead adjudicates the movant's initial *pro se* motion." *Id.* at 518-19. Therefore, "[u]pon review of the record, if we determine there has been no independent inquiry into abandonment … then we must reverse and remand for the motion court to conduct this inquiry." *Id.* at 519 (quoting *Brown v. State*, 602 S.W.3d 846, 850 (Mo. App. E.D. 2020)).

Scott's amended motion was due on September 4, 2018 – sixty days after this Court issued its mandate on July 5, 2018. Rule 29.15(g). Although post-conviction counsel moved for extensions on June 29 and August 29, the court did not rule on the premature June 29 request at all and it did not rule on the second request until *after* the motion was already due. *Harley*, 633 S.W.3d at 917 ("[A] motion court's discretion to grant a requested extension of time to file an amended motion … is limited to an exercise of that discretion within the time period to file the amended motion."). Therefore, counsel filed the amended motion after the mandatory deadline and the trial court was required to conduct an abandonment inquiry.

### Conclusion

For the reasons set forth above, we reverse and remand.

_____
James M. Dowd, Presiding Judge

Angela T. Quigless, J., and
Lisa P. Page, J., concur.

4