EMMA J. MEYER v. KANSAS CITY ET AL., Appellants.—18 S. W. (2d) 900.

Court en Banc, June 29, 1929.

*John T. Barker* and *J. C. Petherbridge* for appellants.

*Ashley & Gilbert* for respondent.

WALKER, J.—This is a suit by injunction whereby the respondent seeks to prevent Kansas City and others, appellants, from using a portion of an appropriation made by the council of that city, for the payment of which bonds have been issued, for "the construction, improvement and equipment of municipal docks and wharves," for the purchase of land along the Missouri River on which to construct municipal docks and wharves.

A demurrer was interposed to the petition filed herein, which was overruled by the circuit court. The appellants refused to plead further, stood upon the demurrer, and a decree was entered permanently enjoining the appellants from using any part of the proceeds arising from the sale of said bonds for the purpose stated. From this judgment the appellants perfected an appeal to this court.

The error assigned is the overruling of appellants' demurrer and the consequent entry of a judgment of permanent injunction against the appellants.

The issue is limited to the construction which should be given to the language of the ordinance adopted by the voters of Kansas

City, authorizing the issuance of the bonds in question. Proposition Eight, of the ordinance, provides that such bonds may be issued "for the construction, improvement and equipment of municipal docks and wharves, Five Hundred Thousand Dollars."

When Ordinance No. 55585, in which the proposition here under review is incorporated, was submitted to and adopted by the people, eight distinct propositions were embodied therein; in three of these it was expressly provided that a portion of the amounts appropriated were to be applied to the purchase of a site for the establishment of the contemplated improvement. Those three propositions were for the establishment of an air port; the construction of a city hall; and a municipal auditorium. In each of these it is evident from the nature of the proposed improvement that it could not be established without a site therefor first having been procured. Despite this apparent fact and the consequent implied power of the city to purchase the sites, it was prescribed that a portion of each of the appropriations in the cases referred to should be used for such purpose.

No such use of the appropriation under the eighth proposition is authorized. The nature of the proposed improvement is not of such a character as to render an express provision for the purchase of a site necessary. While the record is silent on the subject the inference is permissible that the city possesses or controls the docks and wharves within its corporate limits. In the absence of such possession it is not reasonable that the approval of the voters would have been sought to construct, improve and equip something which the city did not possess.

In common parlance a dock or a wharf is a landing, by which is meant a place on a river or other navigable water devoted to a public use, viz: the loading and unloading of freight or the reception and discharge of passengers. [State ex rel. Roland v. Dreyer, 229 Mo. 201, 232, and cases cited.] Land devoted to a public use must necessarily be under the control or supervision, in this case, of the city. Recognizing this fact it is evident that the framers of the ordinance and the voters in approving the same understood that the plain terms of Proposition Eight contemplated that the appropriation was to be used, not for the acquiring of a site nor for extending the area of same, but to construct, improve and equip the site then possessed or thereafter acquired and controlled by the city. Any other interpretation of the proposition cannot be made without judicial legislation, which would necessitate the interpolation of language to this effect; "for a site" or "to procure a site."

The ordinance, No. 55585, in which Proposition Eight appears, contains no grant of power, other than that clearly comprehended within the words employed. There is no room, therefore, for the application of the doctrine of implied powers. This is especially

true of a grant of powers to a corporation, municipal or otherwise, and if any doubt arises out of the use of the words employed it is to be resolved in favor of the public and in limiting the expenditures of the appropriation to the express terms for which it was made. [State ex inf. Harvey v. Mo. Athl. Club, 261 Mo. 576, 598, 170 S. W. 904.]

Another general rule in the construction of statutes, applicable as well to municipal ordinances, is that acts of the character here under review are to be strictly construed. The limitation upon the use of the appropriation in Proposition Eight is such, by reason of its terms, that the invoking of the general rule is not necessary.

If it is found or has been found necessary to acquire land other than that now necessarily forming a part of the city docks or wharves to facilitate the use of the same, there is nothing in the general statutes or those especially applicable to the city to prohibit it from acquiring such territory by condemnation purchase or otherwise and paying for the same out of its general revenue fund; and when such site is so acquired the proceeds of such bond issue may be used to improve the same in the construction and equipment of docks and wharves thereon.

Satisfied that the ruling of the trial court correctly construed Proposition Eight and finding no error in the record authorizing a reversal the judgment is affirmed. All concur, except *Atwood, J.*, not sitting.