

# SUPREME COURT OF MISSOURI
## en banc

ARTHUR L. LEBEAU, Jr., et al.,      )
     )
         Appellants,      )
     )
v.      )      No. SC93618
     )
COMMISSIONERS OF FRANKLIN      )
COUNTY, MISSOURI,      )
     )
         Respondents.      )

### APPEAL FROM THE CIRCUIT COURT OF FRANKLIN COUNTY
The Honorable Robert D. Schollmeyer, Judge

### Opinion issued February 4, 2014

Ten residents and taxpayers of Franklin County filed a declaratory judgment action against the commissioners of Franklin County after the commissioners entered a county order establishing a municipal court.[1] The taxpayers alleged that House Bill

---

[1] Commission Order 2012-201, in pertinent part, provides:

     **WHEREAS**, by virtue of the adoption of HB1171 by both houses of the Missouri legislature and the subsequent approval thereof by the Governor, the provisions of Section 67.320 RSMo were amended to provide Franklin County, and other similarly situated counties, with the ability to operate their own County Municipal Court; and

     **WHEREAS**, the amendments generated by HB1171 shall take effect on August 28, 2012, which authorizes Franklin County to operate its own municipal court subject to the provisions of Section 67.320 RSMo as from and after August 28, 2012; and

     **WHEREAS**, HB1171 bestowed onto Franklin County, and other similarly situated counties, the ability to appoint the municipal court judge for the initial

No. 1171 ("HB 1171"), which authorized the establishment of the court, was enacted in violation of the original purpose provision of article III, section 21 and the single subject provision of article III, section 23 of the Missouri Constitution. The circuit court dismissed the petition, finding that the resident taxpayers lacked standing to bring their lawsuit and that the lawsuit was not ripe for review.

This Court holds that the resident taxpayers have standing to proceed with their claim that the legislation enabling the commissioners to establish a county municipal

---

term and to establish the qualifications for the municipal court judge irrespective of the provisions of Section 66.010 to 66.140 RSMo; and

**WHEREAS**, in order to establish and operate said County Municipal Court it is necessary that an enabling order be adopted; and

**WHEREAS**, attached hereto and incorporated by reference herein is the administrative rules which shall govern the operation of the Franklin County Municipal Court from and after the effective date of this Order until its repeal or amendment.

**IT IS THEREFORE ORDERED** by the County Commission of Franklin County that there be and is hereby established by virtue of Section 67.320 RSMo and HB1171, which has been duly enacted, the Franklin County Municipal Court to be effective as of September 1, 2012.

**IT IS FURTHER ORDERED** that the Administrative Rules for operation of the Franklin County Municipal Court as herein above described and attached hereto are hereby approved and adopted to be effective as of September 1, 2012.

**IT IS FURTHER ORDERED** that the Municipal Court Prosecuting Attorney under the direction of the County Counselor prepare for adoption by the Franklin County Commission a Franklin County Code which shall enumerate the offenses over which the Municipal Court shall have jurisdiction, provided that such offenses be restricted in nature so as not to interfere with the prosecution in state court of serious criminal violations. That offenses subject to prosecution in the Franklin County Municipal Court specifically include zoning and building code violations so that congestion cause by these matters in the Franklin County Circuit Court can be minimized. The Franklin County Municipal Court Prosecuting Attorney shall coordinate with the Franklin County Prosecuting Attorney and the Franklin County Sheriff with respect to what offenses shall be prosecuted in the Franklin County Municipal Court.

**IT IS FURTHER ORDERED** that the County Counselor coordinate with the County Auditor to insure that appropriate budget entries and funds are established.

court in Franklin County was enacted in violation of procedural constitutional provisions and that the suit is ripe for review because the taxpayers alleged 1) that HB 1171 was enacted in violation of article III, section 21 and article III, section 23 of the Missouri Constitution; 2) that the commissioners of Franklin County have, based on HB 1171, established a county municipal court by commission order and authorized the expenditure of funds for operation of the court; and 3) that HB 1171 authorizes the unlawful expenditure of funds generated through taxation. The judgment is reversed, and the case is remanded.

## Factual and Procedural Background

During the second regular session of the 96th General Assembly, the legislature passed HB 1171. Following the session, the governor signed HB 1171 into law. HB 1171 is titled "An act to repeal sections 67.320 and 211.031, RSMo, and to enact in lieu thereof two new sections relating to courts." The first section of the bill permits any first-class county that falls within a certain population range to establish a county municipal court. Several subsections of the first section set out the necessary requirements for establishing and operating the court. The second section of HB 1171 relates to proceedings in the juvenile and family divisions of the circuit court.

Following HB 1171's passage, Arthur LeBeau and Eric Reichert, along with eight other residents and taxpayers of Franklin County (collectively "LeBeau and Reichert"), sued the commissioners of Franklin County, seeking a declaration that the legislature enacted HB 1171 in violation of the Missouri Constitution. In their original petition, LeBeau and Reichert alleged that HB 1171's enactment violated the original purpose

3

provision of article III, section 21 and the single subject provision of article III, section 23 of the Missouri Constitution. The original petition also alleged that the order of the Franklin County commissioners establishing a municipal court was unconstitutional as a result of HB 1171's constitutional invalidity.

The commissioners filed a motion to dismiss LeBeau and Reichert's petition on the ground that they lacked standing to bring the suit. The circuit court dismissed the petition and, pursuant to Rule 67.06, granted LeBeau and Reichert leave to amend the petition.

LeBeau and Reichert then filed an amended petition that also incorporated the allegations of the original petition.[2] The amended petition alleged that LeBeau and Reichert "clearly ha[d] standing to file this Petition. Each Plaintiff is a resident, citizen and taxpayer in the County of Franklin and the State of Missouri." The petition also alleged that HB 1171, as originally introduced, only included the provisions relating to juvenile and family divisions. The petition then alleged that HB 1171 was amended to add an additional section having a different purpose and different subject matter that authorized certain counties to establish municipal courts.

The commissioners filed a motion to dismiss the amended petition, again arguing that LeBeau and Reichert lacked standing and that the suit was not ripe. The circuit court

---

[2] The commissioners did not file a motion for more definite statement and did not object to LeBeau and Reichert incorporating the allegations of the original petition. While it is normally the case that an amended petition supersedes a previously filed pleading, claims and allegations can be preserved if the amended petition incorporates or refers to previous pleadings. *See State ex rel. Bugg v. Roper*, 179 S.W.3d 893, 894 (Mo. banc 2005). In the final paragraph of their amended petition, LeBeau and Reichert incorporated "all previous filings in this matter" into their amended petition. Therefore, for the purposes of this opinion and for clarity, all of the allegations will collectively be referred to as the "amended petition."

4

dismissed the amended petition, finding that LeBeau and Reichert lacked standing. Specifically, the circuit court concluded that "the Plaintiffs fail to establish standing because said petition does not allege facts that indicate a 'justiciable controversy' exists in regard to HB 1171, including, but not limited to, the requirement that the controversy be 'ripe' for judicial determination."

LeBeau and Reichert appealed, arguing that the circuit court erred when it held that they lacked standing. The court of appeals transferred the case to this Court because the petition alleged a challenge to the validity of a statute. Mo. Const. art. V, secs. 3 and 11.

## Standard of Review

Standing is a question of law, which this Court reviews de novo. *Manzara v. State*, 343 S.W.3d 656, 659 (Mo. banc 2011). For the purposes of reviewing a motion to dismiss, this Court "'assumes that all of the plaintiff's averments are true, and liberally grants to plaintiff all reasonable inferences therefrom.'" *Weber v. St. Louis Cnty.*, 342 S.W.3d 318, 321 (Mo. banc 2011).

## Analysis

A party must have standing to bring an action in a Missouri court. Standing, at its most basic level, simply means that the party or parties seeking relief must have some stake in the litigation. *Ste. Genevieve Sch. Dist. v. Bd. of Alderman of Ste. Genevieve*, 66 S.W.3d 6, 10 (Mo. banc 2002). In the context of a declaratory judgment action, the plaintiff must have a legally protectable interest at stake in the outcome of the litigation. *Id.* "A legally protectable interest exists if the plaintiff is directly and adversely affected

5

by the action in question or if the plaintiff's interest is conferred by statute." *Weber*, 342 S.W.3d at 323 (internal quotation marks omitted).

This Court has repeatedly held that taxpayers do, in fact, have a legally protectable interest in the proper use and expenditure of tax dollars. *See, e.g.*, *E. Mo. Laborers Dist. Council v. St. Louis Cnty.*, 781 S.W.2d 43, 46 (Mo. banc 1989). In Missouri's seminal case about taxpayer standing, *Eastern Missouri Laborers District Council v. St. Louis County*, this Court held that a taxpayer has a direct interest in "the proper use and allocation of tax receipts" that gives the taxpayer a "sufficient stake in the outcome of the suit to allow him to challenge improper uses of tax funds." *Id.* at 47. The taxpayer's interest does not arise from any direct, personal loss. "[I]t is *the public interests* which are involved in preventing the unlawful expenditure of money raised by taxation" that give rise to taxpayer standing. *Id.*

The taxpayer's interest in the litigation ultimately derives from the need to ensure that government officials conform to the law. *Id.* at 46; *see also Manzara*, 343 S.W.3d at 659. "Missouri Courts allow taxpayer standing so that ordinary citizens have the ability to make their government officials conform to the dictates of the law when spending public money." S*te. Genevieve Sch. Dist.*, 66 S.W.3d at 11. Taxpayer standing gives taxpayers the opportunity to challenge certain actions of government officials that the taxpayer alleges are unauthorized by law, and it permits challenges in areas where no one individual otherwise would be able to allege a violation of the law. As this Court previously has declared, "[P]ublic policy demands a system of checks and balances whereby taxpayers can hold public officials accountable for their acts. . . . Taxpayers

6

must have some mechanism of enforcing the law." *E. Mo. Laborers Dist. Council*, 781 S.W.2d at 47.[3]

Giving taxpayers a mechanism for enforcing the procedural provisions of Missouri's constitution is of particular importance because these provisions are designed to assist the citizens of Missouri by providing legislative accountability and transparency. These constitutional provisions also serve to "defeat surprise within the legislative process. [They prohibit] a clever legislator from taking advantage of his or her unsuspecting colleagues by surreptitiously inserting unrelated amendments into the body of a pending bill." *Hammerschmidt v. Boone Cnty.*, 877 S.W.2d 98, 101 (Mo. banc 1994).

Both the single subject provision and the original purpose provision serve to "'facilitate orderly procedure, avoid surprise, and prevent 'logrolling,' in which several matters that would not individually command a majority vote are rounded up into a single bill to ensure passage.'" *Mo. Roundtable for Life, Inc. v. State*, 396 S.W.3d 348, 351 (Mo. banc 2013). These provisions also ensure that the public and members of the legislature are apprised of the subject matter of pending legislation. *Id.* The single

---

[3] Absent fraud or other compelling circumstances, to demonstrate that a taxpayer has an interest in the litigation, and thereby has standing, the taxpayer must allege 1) a direct expenditure of funds generated through taxation; 2) an increased levy in taxes; or 3) a pecuniary loss attributable to the challenged transaction of a municipality. *E. Mo. Laborers Dist. Council*, 781 S.W.2d at 47. If the taxpayer alleges that any of these three circumstances exist as a result of the challenged action, the taxpayer has demonstrated a sufficient interest in the litigation. For purposes of taxpayer standing, it is not relevant that the challenged action might produce a net gain, nor is the size of the pecuniary loss or expenditure relevant to the standing determination. *See Ste. Genevieve Sch. Dist.*, 66 S.W.3d at 11; *E. Mo. Laborers Dist. Council*, 781 S.W.2d at 47.

subject provision helps achieve these purposes by limiting legislation to a single subject matter and requiring that all of a bill's provisions fairly relate to, have a natural connection with, or are a means to accomplish the subject of the bill as expressed in the title. *Id.* The original purpose provision states that no bill may be amended so as to change its original purpose and prohibits the "introduction of a matter that is not germane to the object of the legislation or that is unrelated to its original subject." *Legends Bank v. State*, 361 S.W.3d 383, 386 (Mo. banc 2012); *see also* Mo Const. art. III, sec. 21.

A violation of these procedural constitutional mandates renders any offending provision—and potentially the entire bill—unconstitutional.[4] Permitting taxpayers to challenge bills enacted in violation of the procedural constitutional provisions where the taxpayer's interests are affected assists in the enforcement of these procedural constitutional mandates.

With this standard in mind, the Court now must determine whether LeBeau and Reichert sufficiently alleged taxpayer standing. LeBeau and Reichert's amended petition alleges that they are taxpayers and citizens of Franklin County, Missouri. The petition

---

[4] In *Mo. Roundtable for Life, Inc. v. State*, this Court set out its procedure for severance when a bill is found to have been enacted in violation of one of Missouri's procedural constitutional provisions:

> Because of the difference between *substantive* constitutional violations and *procedural* constitutional violations, this Court uses different standards when evaluating whether invalid provisions may be severed. For *substantive* violations, this Court applies section 1.140 to analyze whether severance is appropriate. On the other hand, when evaluating a *procedural* constitutional violation, the doctrine of judicial severance is applied and severance is only appropriate when this Court is 'convinced beyond a reasonable doubt' that the legislature would have passed the bill without the additional provisions and that the provisions in question are not essential to the efficacy of the bill.

396 S.W.3d at 353 (footnote omitted).

8

also alleges that the legislature violated the Missouri Constitution's original purpose provision and single subject provision in enacting HB 1171. LeBeau and Reichert alleged that, as originally introduced, HB 1171 related only to proceedings in Missouri's juvenile and family divisions. LeBeau and Reichert also alleged that, at some point prior to its passage, the legislature amended HB 1171 to include a section authorizing the creation of a county municipal court in counties within a certain population range and that the addition of this section violated the original purpose and single subject provisions. It is beyond dispute that Franklin County falls within the population range. Moreover, in their original petition, incorporated by the terms of the amended petition, LeBeau and Reichert alleged that the commissioners of Franklin County established a county municipal court by commission order pursuant to HB 1171. It is also beyond dispute that the creation and operation of a municipal court will require the expenditure of funds generated through taxation. The commission order establishing Franklin County's municipal court directs that "the County Counselor coordinate with the County Auditor to insure that appropriate budget entries and funds are established." LeBeau and Reichert's allegations, taken liberally, assert that Franklin County, based on HB 1171, authorized tax dollars to be spent to establish a municipal court.

These allegations are sufficient to give these resident taxpayers standing to proceed with their declaratory judgment action.[5]

---

[5] For the first time at oral argument, counsel for the commissioners argued that SB 636, which was passed by the General Assembly during the same legislative session as HB 1171, contains a provision permitting the establishment of municipal courts that is identical to the provision at issue here. Counsel asserted that because the provision is the same, the Franklin County

9

The circuit court's order dismissing LeBeau and Reichert's petition also concluded that the taxpayers' claim was not ripe for review. "A court cannot render a declaratory judgment unless the petition presents a controversy ripe for judicial determination." *Mo. Health Care Ass'n. v. Attorney General of the State of Mo.*, 953 S.W.2d 617, 621 (Mo. banc 1997). A controversy is ripe if the parties' dispute is developed sufficiently to allow the court to make an accurate determination of the facts, to resolve a conflict that presently exists, and to grant specific relief of a conclusive character. *Id.*

The arguments made to the circuit court and to this Court regarding ripeness assert that LeBeau and Reichert must first be charged with a crime or municipal ordinance violation in the Franklin County municipal court to have a ripe controversy.[6] These

commissioners will be able to establish the court even if this lawsuit is successful, leaving LeBeau and Reichert with no remedy. Because this argument was presented for the first time at oral argument, this Court does not address it. *State v. Davis*, 348 S.W.3d 768, 770 (Mo. banc 2011) ("'An issue that was never presented to or decided by the trial court is not preserved for appellate review.'"). Therefore, the holding of this case does not prevent the commissioners from presenting this argument to the circuit court on remand. Nor does it prevent LeBeau and Reichert from seeking to amend their petition on remand to include procedural constitutional challenges to SB 636. *See* Rule 55.33. Nor would it prevent those charged with ordinance violations from raising a defense based on the fact that the enabling legislation allowing for the establishment of the municipal court was passed in violation of a procedural constitutional provision because no statute of limitations applies to raising the issue as a defense. *Schaefer v. Koster*, 342 S.W.3d 299, 300 n.1 (Mo. banc 2011).

[6] Though it was not necessary for LeBeau or Reichert to wait until they have been charged in the municipal court to raise their claim that HB 1171 was enacted in violation of the procedural constitutional provisions, LeBeau and Reichert likely could have done so. In *Schaefer v. Koster*, this Court held that § 516.500, RSMo 2000, "which places a [time] limit upon when an 'action' can be 'commenced, had, or maintained' to challenge procedural irregularities in the enactment of a law, does not apply to a criminal defendant who raises a challenge to the statute as a defense in the criminal case." 342 S.W.3d at 300 n.1. Had LeBeau and Reichert waited to assert their claims as a defense to a municipal violation, they would not have been time barred from doing so under this Court's recent precedent. The ability to raise these procedural constitutional claims as a defense with no statute of limitations may be of particular significance if the circuit court would determine on remand that petitioners should not be permitted to amend their claims to challenge SB 636, which was passed with provisions that are identical to HB1171.

arguments demonstrate a fundamental misunderstanding of the nature of LeBeau and Reichert's claim. As the standing analysis demonstrates, LeBeau and Reichert are not necessarily proceeding on their individual interests. Instead, they challenge the law based on the public interests implicated by the unlawful expenditure of money generated through taxation. LeBeau and Reichert alleged that the legislature passed a bill in violation of constitutionally required procedure and that the bill requires expenditure of funds generated through taxation. Furthermore, LeBeau and Reichert alleged that the commissioners already have expended funds to establish a municipal court by a commission order issued pursuant to the authority granted by HB 1171. Because the allegedly unlawful expenditures currently are authorized by an allegedly unlawful bill and commission order, the controversy is sufficiently ripe for review.[7]

### Motions Taken With the Case

While this appeal was pending, the commissioners filed two motions that were taken with the case. The commissioners filed a motion to dismiss the appeal for failure to comply with this Court's rules and a motion for damages for frivolous appeal. In light of this Court's holding, both motions are overruled. LeBeau and Reichert's brief sufficiently complied with this Court's rules so as to allow the commissioners to adequately respond. And in light of this Court's holding in favor of LeBeau and Reichert, it cannot be said that

---

[7] The commissioners also assert that LeBeau and Reichert's amended petition does not allege that the commissioners took any unlawful action and, therefore, does not state a claim on which relief can be granted. However, LeBeau and Reichert's amended petition expressly incorporated all of their previous filings. LeBeau and Reichert's original petition alleged that the commission's order establishing the circuit court was unconstitutional, and therefore, it sufficiently alleges wrongdoing by the commissioners. *See State ex rel. Bugg*, 179 S.W.3d at 894 (stating that pleadings not referred to or incorporated in a new pleading are abandoned).

11

their appeal was frivolous.[8]

## Conclusion

After reviewing the allegations in LeBeau and Reichert's amended petition, which incorporated the allegations of the original petition, this Court concludes that the petitioners have standing to proceed. The judgment of the circuit court is reversed, and the case is remanded. The commissioners' motions to dismiss the appeal and for damages for frivolous appeal are overruled.

_____
Zel M. Fischer, Judge

All concur.

---

[8] When it dismissed the taxpayer's petition, the circuit court also ruled that LeBeau and Reichert's "Motion to Dismiss Defendant's Alleged Representative" was moot because LeBeau and Reichert did not have standing. In light of this Court's holding, the circuit court may need to reevaluate this motion. However, because the circuit court made no ruling on the merits of the motion, this Court will not reach the issue.