

# Missouri Court of Appeals
## Southern District
### Division One

ARCHIE DUNN,                              )
                                         )
        Plaintiff-Appellant,              )
                                         )
v.                                       )    No. SD33380
                                         )    Filed: 8-17-15
JASPER COUNTY, MISSOURI, ET AL.,         )
                                         )
        Defendants-Respondents.           )

### APPEAL FROM THE CIRCUIT COURT OF JASPER COUNTY

Honorable Neal R. Quitno, Special Judge

**<u>AFFIRMED</u>**

Archie Dunn (Dunn), a resident and former sheriff of Jasper County, appeals from a judgment dismissing his second amended petition that alleged two counts challenging the legality of expenditures of county revenues. The trial court dismissed the petition for, *inter alia*, lack of standing under Count I, and failure to state a cause of action upon which relief could be granted under Count II. On appeal, Dunn contends that the trial court erred in dismissing the petition on those grounds. We disagree and affirm.

*The Allegations in the Second Amended Petition*

The second amended petition included the following allegations. In 2005, Dunn was serving as the Jasper County Sheriff. On August 29, 2005, the Jasper County

Commission (the Commission) passed an ordinance (the Enabling Ordinance) ordering that a ballot measure be submitted to voters to approve a one-quarter of one percent "law enforcement sales tax" (LEST). Pursuant to § 67.582, the Enabling Ordinance assessed the LEST "for the purpose of providing law enforcement services for County funded public safety offices that are: the Jasper County Sheriff's Office, and Prosecuting Attorney's Office."[1] In addition, a percentage of the LEST funds also would be available to other law enforcement agencies located in the county "through annual grant applications submitted to the Sheriff's Office." The grant applications would be "reviewed by a Grants Application Panel" (the panel) consisting of five members. The Enabling Ordinance specified that "[t]he chairperson of the panel shall be the Sheriff. Four members shall be appointed annually by the Sheriff, and consist of two private citizens and two members of the Sheriff's Office. Members of the committee shall serve at the pleasure of the Sheriff." According to Dunn, the panel was authorized to make recommendations to the Commission to distribute LEST funds.

On November 8, 2005, the ballot measure passed.[2] In Dunn's capacity as the Jasper County Sheriff, he appointed panel members and made recommendations to the Commission concerning grant applications through the fiscal year 2010.

On April 14, 2011, the Enabling Ordinance was amended by the Commission to change the composition of the panel (the Amending Ordinance). The Amending Ordinance specified that the five-member panel would be appointed by the Commission instead of the sheriff. The members then would serve at the pleasure of the Commission. In addition, none

---

[1] All references to statutes are to RSMo (2000).

[2] The ballot question asked: "Shall the County of Jasper impose a countywide sales tax of one quarter of one percent on all retail sales for the purpose of providing law enforcement services for the County?"

2

of the panel members could be employed by any law enforcement agency. The Commission removed Dunn and his appointees from the panel and replaced them with new members appointed by the Commission. At that time, the Commission consisted of John Bartosh, Jim Honey and Darieus Adams (the Commissioners).

*Procedural History*

In July 2011, Dunn filed suit against Jasper County; the Commissioners; and Richard Webster, the county auditor (the Defendants). Dunn initially alleged that the Commissioners had no authority to amend the Enabling Ordinance and that Defendants' distribution of LEST funds pursuant to the Amending Ordinance was an "illegal and unauthorized expenditure of county funds ...." When the second amended petition was filed, it included two counts. Count I sought: (1) a declaratory judgment that the Commissioners had no authority to amend the Enabling Ordinance and "restructure the makeup" of the panel; and (2) an injunction or, alternatively, a writ of mandamus ordering that the Amending Ordinance be held void. Count II similarly sought a declaratory judgment that, according to the Enabling Ordinance: (1) Defendants had no authority to withhold funds from the LEST funds for purposes other than those included in the sheriff's budget, such as improvements to the county jail, inmate housing or healthcare; and (2) no part of LEST funds could be used for purposes other than operations of the sheriff's or prosecuting attorney's offices.

Dunn's term as Jasper County Sheriff ended on December 31, 2012. He was no longer sheriff when the second amended petition was filed. The second amended petition alleged that a "justiciable controversy" exists between Defendants and Dunn "as a taxpayer of Jasper County as to the authority of said Defendants to distribute funds accumulated through the LEST for uses not approved in the Enabling Ordinance."

In October 2013, Defendants filed a motion to dismiss Counts I and II for lack of standing and failure to state a cause of action upon which relief may be granted. Thereafter,

3

the trial court agreed and entered judgment dismissing the two counts on both grounds.  This appeal followed.

Presenting three points, Dunn contends the trial court erred by dismissing:  (1) Counts I and II for lack of standing; (2) Count I for failure to state a cause of action upon which relief can be granted; and (3) Count II for failure to state a cause of action upon which relief can be granted.  Points I and III are dispositive.  For the following reasons, we conclude the trial court did not err in dismissing Count I for lack of standing and Count II for failure to state a cause of action upon which relief can be granted.  Additional facts will be included as necessary to discuss Dunn's arguments below.

*Point I – Lack of Standing under Count I*

One prong of Dunn's first point contends the trial court erred in dismissing Count I due to lack of standing.  Standing is a question of law, which this Court reviews *de novo*.  ***Manzara v. State of Missouri***, 343 S.W.3d 656, 659 (Mo. banc 2011).  For the purpose of reviewing a motion to dismiss, this Court assumes that all plaintiff's averments are true, and liberally grants to plaintiff all reasonable inferences therefrom.  ***Weber v. St. Louis Cnty.***, 342 S.W.3d 318, 321 (Mo. banc 2011).  Because Dunn was no longer sheriff when the second amended petition was filed, there is no dispute that he brings this action individually in his personal capacity as a taxpayer.

"A party must have standing to bring an action in a Missouri court." ***Lebeau v. Commissioners of Franklin County, Missouri***, 422 S.W.3d 284, 288 (Mo. banc 2014); *see Manzara*, 343 S.W.3d at 659 ("[s]tanding is an antecedent to the right to relief"). "If a party is without standing to bring a particular claim, a court shall dismiss the claim because the court lacks the authority to decide the merits of the claim." ***Weber***, 342 S.W.3d at 323.  Simply put, standing means that the party seeking relief must have some stake in the litigation. *Lebeau*, 422 S.W.3d at 288; ***Ste. Genevieve Sch. Dist. R-II v. Bd. of Aldermen of***

4

*the City Ste. Genevieve*, 66 S.W.3d 6, 10 (Mo. banc 2002). In the context of a declaratory judgment action, the plaintiff must have a legally protectable interest at stake in the outcome of the litigation. *Lebeau*, 422 S.W.3d at 288.

Taxpayers have a legally protectable interest in the proper use and expenditure of tax dollars. *Id*.; *see, e.g.*, *Eastern Missouri Laborers District Council v. St. Louis County, v. Gene McNary*, 781 S.W.2d 43, 47 (Mo. banc 1989) ("if the expenditure is not contemplated by the enabling legislation, it is illegal and should be enjoined"). Absent fraud or other compelling circumstances, to have standing as a taxpayer, the taxpayer must establish that one of three conditions exists:

> (1) a direct expenditure of funds generated through taxation;
>
> (2) an increase levy in taxes; or
>
> (3) a pecuniary loss attributable to the challenged transaction of a municipality.

*Manzara*, 343 S.W.3d at 659; *Eastern Missouri Laborers*, 781 S.W.2d at 47.

Dunn's first point argues that he established taxpayer standing because the petition alleged that "Defendants are spending and continue to spend taxpayer funds in violation of the uses allowed by the Enabling Ordinance and Dunn has taxpayer standing to bring an action challenging the legality of the expenditure of county revenues." We disagree that Dunn established taxpayer standing under Count I.

Both counts allege violations of the Enabling Ordinance, which was created pursuant to § 67.582 governing the generation and use of LEST funds. That statute provides, in relevant part, that the only body authorized to make appropriations of LEST funds is the Commission:

> [A]ll expenditures of funds arising from the county law enforcement sales tax trust fund shall be by an appropriation act to be enacted by the governing body of each such county. Expenditures may be made from the fund for any

law enforcement functions authorized in the ordinance or order adopted by the governing body submitting the law enforcement tax to the voters.

§ 67.582.5. Revenue received by a county from the tax "may also be utilized for capital improvement projects for law enforcement facilities[.]" § 67.582.3; *see also* § 49.310.1 (the Commission shall erect and maintain a sufficient jail). Similarly, as the Commission appropriates LEST funds, the Commission also appropriates the budget of the sheriff's department, as well as all county offices. *See* § 50.610 (stating that the "commission may revise, alter, increase or decrease the items contained in the budget and may eliminate any item or add new items"); *see generally* §§ 50.525-.745 (County Budget Law).

The thrust of Count I is that the Commissioners violated the Enabling Ordinance by changing the make-up of the panel.[3] As is made clear by the Enabling Ordinance and Dunn's pleadings, however, the panel only had the authority under the ordinance to review grant applications. Dunn does not allege that the panel had the authority to appropriate any of the LEST funds. The panel's only role was to make recommendations, which were not binding on the Commission.

Thus, with respect to taxpayer standing under Count I, Dunn failed to establish the first condition: a direct expenditure of funds generated through taxation. *See **Manzara***, 343 S.W.3d at 659. The panel simply had no authority to spend any tax-generated revenues. The panel only had the authority to review grant applications. As a matter of law, Dunn could not establish a direct expenditure of tax money by the panel. Further, because the panel had no authority to cause the expenditure of tax, Dunn could not suffer an increased

---

[3] Dunn cites no relevant precedent to support his argument that the Commission lacked the authority to amend the Enabling Ordinance so as to change the make-up of the panel. His reliance on the language of the ballot question itself is misplaced because the question was broad in scope and did not address the panel issue at all. The language of the ballot question did not impose any limitations on changing the membership of the panel.

levy in taxes or pecuniary loss attributable to the change in membership to the panel.[4] Consequently, Dunn lacked taxpayer standing under Count I. The trial court did not err in dismissing Count I on that ground. Therefore, with respect to Count I, Pont I is denied.[5]

Point II contends the trial court erred in dismissing Count I for failure to state a cause of action upon which relief can be granted. We do not reach this point because, as established in the previous point, Dunn lacked standing to bring Count I. *See Manzara*, 343 S.W.3d at 659 ("[s]tanding is an antecedent to the right to relief"). Point II is therefore denied as moot.

*Point III – Failure to State a Cause of Action under Count II*

Point III contends the trial court erred in dismissing Count II for failure to state a cause of action upon which relief can be granted. We review a trial court's grant of a motion to dismiss *de novo*. *Stephens v. Dunn*, 453 S.W.3d 241, 248 (Mo. App. 2014). "A motion to dismiss for failure to state a cause of action is solely a test of the adequacy of the plaintiff's petition." *Nazeri v. Mo. Valley College*, 860 S.W.2d 303, 306 (Mo. banc 1993). Accordingly, we review the petition to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case.

---

[4] Dunn admits in his brief that a taxpayer does not have a basis to object to the individual appointments to the panel.

[5] We agree that Dunn established taxpayer standing under Count II. In the second amended petition, Dunn alleged that he was a resident and taxpayer of Jasper County. He further alleged that appropriation of any part of the sheriff's portion of the LEST funds by the Commission for any purpose other than for services of the sheriff's department, as designated in the sheriff's budget, "is an illegal use of a tax imposed upon the taxpayers" of the county. Unlike Count I, Count II alleged an unlawful, "direct expenditure of funds generated through taxation." *Manzara*, 343 S.W.3d at 659; *see Lebeau*, 422 S.W.3d at 287 (allegation of "unlawful expenditure of funds generated through taxation" sufficient); *see, e.g.*, *Armstrong v. Adair County*, 990 S.W.2d 64, 65 (Mo. App. 1999) (allowing taxpayers to challenge county commission's use of LEST funds to erect a new jail rather than expand existing one).

*Id*. In so doing, we assume that all of the plaintiff's averments are true, and liberally grant the plaintiff all reasonable inferences therefrom. *Id*.; *see Weber*, 342 S.W.3d at 321.

Count II alleged that Defendants violated the Enabling Ordinance by using LEST funds for improvements to the county jail, inmate healthcare and housing. The following additional facts are relevant to this argument.

Count II sought a judgment declaring that Defendants had "no right to withhold funds from the LEST fund for purposes other than those included in the annual budget of the Jasper County Sheriff for operations of said department" and that "no part of the LEST funds can be used for purposes other than operations of the Jasper County Sheriff's Department and Jasper County Prosecuting Attorney's Office." In support of this argument, Dunn alleged the following: (1) Defendants withheld funds from the sheriff's portion of the LEST funds and from the sheriff's budget for inmate healthcare, housing and improvements to the county jail[6]; (2) the responsibility for the expense of maintaining the jail is upon the Commission, pursuant to § 49.310, not the sheriff; (3) Defendants take the position that they are entitled to allocate LEST funds for use to maintain the jail and other law enforcement purposes "as they deem fit" without a budget request for use of said funds by the sheriff; (4) Dunn takes the position that the LEST funds are to be used exclusively for the purposes designated by the sheriff in his or her budget; (5) a justiciable controversy exists between Dunn and Defendants with respect to "the authority to control and allocate the LEST funds"; and (6) appropriations of any part of the sheriff's portion of the LEST funds by the Commission for purposes other than services of the sheriff's department "is an illegal use" of the LEST imposed upon county taxpayers.

---

[6] Dunn alleged that the Commissioners withheld $54,000 from the sheriff's portion of the LEST funds for inmates' healthcare and $152,003.17 from the sheriff's budget for improvements to the jail, inmate housing and other law enforcement issues.

8

To support this argument, Dunn relies on ***Armstrong v. Adair County***, 990 S.W.2d 64 (Mo. App. 1999), which held that the county's proposed use of LEST funds to build a new detention center was not within the scope of an enabling ordinance which only authorized an expansion of the existing detention center. ***Id***. at 67-68. In ***White v. Cole County***, 426 S.W.3d 27 (Mo. App. 2014), the western district of this Court distinguished ***Armstrong*** for reasons that are apropos here. As the ***White*** court explained:

> While the issue White raises is what "law enforcement operating expenses" means as used on the ballot and by the County Commission in its resolution, the situation here is not the same as in *Armstrong*. In *Armstrong*, we held that the "plain and ordinary meaning of 'expansion' does not connote enlarging a jail by building a new one on a different site which is bigger." *Id*. at 66. Moreover, the phrase "expand the detention center" excluded the "erection of a new jail." *Id*. at 67. Because the Commission used language that explicitly excluded that for which it later sought to use funds, it was improper. *Id*. Here the phrase "law enforcement operating expenses" is inclusive of many things. Thus, we do not find the facts and issue in *Armstrong* to be on point in the instant case. "Law enforcement operating expenses" ... is broad by design.

***White***, 426 S.W.3d at 33. We reach the same conclusion here. The phrase "law enforcement services" in this case is "broad by design" and "inclusive of many things." ***Id***. Certainly, the phrase does not specifically exclude any of the challenged uses (e.g., inmate healthcare, housing and improvements to the county jail) about which Dunn complains.

We conclude, as did the trial court, that Count II failed to state a cause of action upon which relief could be granted for two reasons. First, Dunn's premise that the LEST funds are to be used exclusively for purposes designated by the sheriff in his or her budget is simply wrong. The authority to control and allocate LEST funds, as well as the rest of the sheriff's budget, belongs to the Commission. *See* §§ 67.582.5, 50.610.

9

Second, § 67.582.3, which specifically allows for use of LEST funds for "capital improvement projects for law enforcement facilities," must be read harmoniously with § 49.310, requiring the Commission to maintain the jail, and § 221.020, requiring the sheriff to "have the custody, rule, keeping and charge of the jail within his county, and of all the prisoners in such jail …." Therefore, Defendants' use of LEST funds for improvements to the county jail, inmate healthcare and housing was within the broad scope of the stated purpose of the Enabling Ordinance "of providing law enforcement services." *See White*, 426 S.W.3d at 33. Accordingly, Count II failed to state a cause of action upon which relief could be granted. The trial court did not err in dismissing Count II on that ground. Point III is denied.

JEFFREY W. BATES, J. – OPINION AUTHOR

DON E. BURRELL, J. – CONCUR

WILLIAM W. FRANCIS, JR., C.J./P.J. – CONCUR

10