

# In the Missouri Court of Appeals
# Eastern District

<u>DIVISION ONE</u>

| | | |
|---|---|---|
| DARON J. PARKER, | ) | ED103798 |
| | ) | |
| Appellant, | ) | Appeal from the |
| | ) | Circuit Court of St. Louis County |
| v. | ) | 14SL-CC03759 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable John D. Warner, Jr. |
| | ) | |
| Respondent. | ) | Filed: October 25, 2016 |

## INTRODUCTION

Daron J. Parker ("Defendant") appeals the judgment of the motion court denying, without an evidentiary hearing, his Rule 24.035 motion for post-conviction relief. We reverse and remand because Defendant's amended motion was untimely filed, and the motion court did not conduct an independent abandonment inquiry.

## BACKGROUND

Defendant was charged with one count of assault in the first degree, in violation of Section 565.050[1], and one count of armed criminal action, in violation of section 571.015. Two attorneys (together, "Plea Counsel") entered appearances on behalf of Defendant.

---

[1] All statutory references are to RSMo 2000, unless otherwise indicated.

On July 18, 2014, Defendant appeared in court with Plea Counsel and pleaded guilty to both charges, pursuant to a plea agreement. During the plea hearing, the court questioned Defendant about Plea Counsel's performance, and found no evidence to indicate either of the attorneys were ineffective. Defendant was sentenced to nine years for the assault and three years for the armed criminal action, the sentences to run concurrently.

On October 16, 2014, Defendant timely filed a *pro se* Rule 24.035 motion for post-conviction relief. On December 8, the transcripts of the guilty plea and sentencing hearing were filed. On December 19, the motion court appointed the Missouri State Public Defender's Office to represent Defendant. On January 9, 2015, "PCR Counsel" entered her appearance and requested an additional thirty days to file an amended motion, which the court granted. PCR Counsel filed the amended motion on March 25, 2015.

The amended motion raised one claim of ineffective assistance of counsel, based on Plea Counsel's alleged conflict of interest—a claim that was distinct from Defendant's *pro se* motion. The court denied the claim without an evidentiary hearing. This appeal follows.

## DISCUSSION

Defendant offers one point on appeal. However, we do not reach the merits as we reverse and remand for the trial court to conduct an abandonment inquiry.

**Abandonment**

Prior to addressing the merits regarding a movant's post-conviction appeal, this court is obligated to, *sua sponte*, "first examine the timeliness of amended motions in each post-conviction case on appeal, even if the issue is not raised by either party." Lomax v. State, 471 S.W.3d 358, 359 (Mo. App. E.D. 2015) (citing Moore v. State, 458 S.W.3d 822 (Mo. banc 2015)).

2

## A. *Overview of Abandonment in Missouri*

A person convicted of a felony who claims a conviction or imposed sentence violates the United States Constitution, the Missouri Constitution, or other Missouri law, which includes claims of ineffective assistance of counsel, may seek post-conviction relief ("PCR") in the sentencing court either after a plea of guilty or after trial. See, generally, Rules 24.035 and 29.15. These rules provide the exclusive procedure by which such person may seek PCR in the sentencing court. Id. PCR motions are otherwise governed by the rules of civil procedure. Id.

It is well settled that ineffective assistance claims of PCR counsel are not cognizable. See Pollard v. State, 807 S.W.2d 498, 502 (Mo. banc 1991). However, if certain timing requirements regarding the filing of an amended motion are not met, the motion court must examine whether PCR counsel abandoned the movant. See, e.g., Luleff v. State, 807 S.W.2d 495, 497 (Mo. banc 1991). This is because the motion court is in a better position to "alleviate the need for appellate courts to speculate as to what occurred in the circuit court." Id. "When the [abandonment] inquiry is required but not done, [appellate courts] will remand the case because the motion court is the appropriate forum to conduct such an inquiry." Moore, 458 S.W.3d at 826. "The result of the inquiry into abandonment determines which motion—the initial motion or the amended motion—the court should adjudicate." Id. The timing requirements are mandatory and constitutional. Price v. State, 422 S.W.3d 289, 297 (Mo. banc 2014).

One such form of abandonment exists when PCR counsel finds reason to amend the movant's *pro se* motion but fails to do so before the statutorily-mandated deadlines. Sanders v. State, 807 S.W.2d 493, 494 (Mo. banc 1991).[2] In Sanders, PCR counsel initially had 60 days to

---

[2] "Where counsel determines that filing an amended motion is not warranted, counsel should make that determination a part of the record. At such time as the motion court may proceed to rule [on a PCR motion] and there is no record of any activity by counsel on movant's behalf, the motion court shall make inquiry, *sua sponte,* regarding the performances of both movant and counsel. If counsel's apparent inattention results from movant's

3

file an amended motion, and pursuant to the rules requested additional time to file. The motion court granted a thirty-six day extension, exceeding its authority under the PCR rules; nevertheless, PCR counsel failed to file the amended motion until seven months after the initial *pro se* filing. Movant's amended motion was denied on the merits, and he appealed. The Missouri Supreme Court remanded, holding that abandonment can occur when PCR counsel finds "a sound basis for amending [movant's] *pro se* motion but fails timely to file the amended motion as required by [the PCR rule]." Id.; see also Moore, 458 S.W.3d at 824 (Where PCR counsel filed the amended motion between sixty and ninety days but failed to request the additional thirty days allowed by rule, the Missouri Supreme Court remanded "[b]ecause the existence of abandonment affects whether the claims in the amended motion have been waived."). Abandonment by appointed counsel may extend the time limitations for filing an amended Rule 29.15 [or 24.035] motion. Moore v. State, 934 S.W.2d 289, 290 (Mo. banc 1996).

An exception to the abandonment-inquiry requirement exists where the *pro se* and amended motions are in essence the same. Childers v. State, 462 S.W.3d 825 (Mo. App. E.D. 2015). In Childers, this Court held that remand was not necessary because the defendant's *pro se* and amended motions were the same and the motion court would have reached the same conclusion regardless of which motion was properly before it. Id. at 468. Remand would have served no purpose because the movant had received "all the process to which he is entitled[.]" Id. In other words, the abandonment determination would have no effect on the relief available to the movant on remand, because the motion court had already considered all the movant's claims in the amended motion. Id.

---

negligence or intentional failure to act, movant is entitled to no relief other than that which may be afforded upon the *pro se* motion. If the court determines, on the other hand, that counsel has failed to act on behalf of the movant, the court shall appoint new counsel, allowing time to amend the *pro se* motion, if necessary, as permitted under [PCR rules]." Luleff, 807 S.W.2d at 497.

### B. Timing of Defendant's Amended Motion

Having discussed the general framework of the 'abandonment' doctrine, we turn now to Defendant's case. Rule 24.035(g) governs the timing requirements:

> If no appeal of the judgment sought to be vacated, set aside, or corrected is taken, the amended motion shall be filed within sixty days of . . . the date both a complete transcript consisting of the guilty plea and sentencing hearing has been filed in the trial court and counsel is appointed. [] The court may extend the time for filing the amended motion for one additional period not to exceed thirty days.

On October 16, 2014, Defendant timely filed his *pro se* Rule 24.035 motion for post-conviction relief. On December 8, 2014, the transcripts of the guilty plea and sentencing hearings were filed. On December 19, 2014, the motion court appointed the Missouri State Public Defender's Office to represent Defendant. PCR Counsel entered her appearance and requested an additional thirty days to file an amended motion. The motion court properly granted PCR Counsel's request. Defendant's amended motion was therefore due on March 19, 2014. Defendant, however, did not file the amended motion until March 25, 2015.

The procedural facts of this case closely resemble those of <u>Moore</u>. Further, there are significant differences between Defendant's *pro se* and amended motions, therefore the <u>Childers</u> exception is inapplicable. Remand is "necessary for the motion court to inquire whether the [movant] had been abandoned." <u>Mann v. State,</u> 475 S.W.3d 208, 213 (Mo. App. E.D. 2015).

## CONCLUSION

The judgment of the motion court is reversed, and the case is remanded for further proceedings consistent with this opinion.

_____
Lisa P. Page, Judge

Robert M. Clayton III, P.J., and Mary K. Hoff, J. concur.

5